UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| TIERRA CALIENTE MUSIC GROUP, S.A. DE C.V. D/B/A REMEX MUSIC and MIDAS MUSICAL, INC., <br><br> VS. <br><br> SER-CA DISCOS, INC. | CIVIL ACTION NO. 7:18-CV-252 |

## PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT

Plaintiffs TIERRA CALIENTE MUSIC GROUP, S.A. DE C.V. d/b/a REMEX MUSIC and MIDAS MUSICAL, INC. file this First Amended Original Complaint against Defendant SER-CA DISCOS, INC. and would show as follows:

### PARTIES

1. Plaintiff TIERRA CALIENTE MUSIC GROUP, S.A. DE C.V. d/b/a REMEX MUSIC ("**REMEX**") is a Mexican company.

2. Plaintiff MIDAS MUSICAL, INC. ("**MIDAS**") is Texas corporation with its principal place of business located in Webb County, Texas.

3. Defendant SER-CA DISCOS, INC. ("**SERCA**") is Texas corporation with its principal place of business located in Hidalgo County, Texas. SERCA has appeared in this suit and may be served through its attorney of record.

### JURISDICTION

4. Plaintiffs allege claims for damages under 17 USC § 512(f), over which this Court has jurisdiction pursuant to 28 USC § 1338(a).

### FACTUAL BACKGROUND

5. Eliseo Robles p/k/a La Leyenda is a professional recording artist and front man for the Mexican regional music group popularly known as *La Leyenda* (hereinafter "**La Leyenda**").

6. On August 27, 2015, music producers German Chavez ("**German**") and Domingo Chavez ("**Domingo**") entered into a written agreement with Eliseo Robles ("**Exclusivity Agreement**"). Under the terms of the Exclusivity Agreement, Robles agreed to record a certain number of creative works including songs, videos, and albums as La Leyenda, over which

German and Domingo were given the sole and exclusive rights to utilize and control said works.

7. Pursuant to the Exclusivity Agreement, Robles agreed to give German and Domingo certain enumerated rights to the creative works to be recorded and/or produced under the Exclusivity Agreement. In accordance therewith, La Leyenda recorded a number of songs under the Exclusivity Agreement[1] ("**2016 Songs**"). La Leyenda also performed in music videos for the songs *Ponte de Modo*, *La Comezón*, and *La Apuesta*.

8. German and Domingo assigned global (except USA) distribution rights to all work created under the Exclusivity Agreement to Tierra Caliente. Similarly, German and Domingo had have a contract with MIDAS that grants MIDAS exclusive rights to administer the rights to the 2016 Songs and Music Videos in the United States. MIDAS, in turn, entered into a contract with Select-O-Hits, Inc. to distribute new musical albums produced and released by MIDAS, including the 2016 Songs and YouTube monetization.

9. Tierra Caliente uploads a number of videos to YouTube and publish them on its *RemexMusic* YouTube account. These videos include: (1) *La Leyenda - Ponte de Modo (Video Oficial)*; (2) *La Leyenda - La Comezón (Audio Oficial)*; (3) *La Leyenda - Quiero alguien que me quiera*; (4) *La Leyenda – La apuesta ft. Edwin Luna (Video Oficial)*; (5) *La Leyenda – La mantequilla ft. Eliseo Robles y Los Barbaros del Norte (Video Lyric)*; (6) *La Leyenda - Cositas malas (Video Lyric)*; (7) *Making of "La comezón" La Leyenda*; and (8) *Making of la apuesta la leyenda ft Edwin la Trakalosa* (collectively, "**YouTube Videos**"). By uploading the YouTube Videos and distributing the 2016 Songs through web-based platforms like iTunes and Spotify, Plaintiffs participates in the revenue stream generated by the distribution of the 2016 Songs and the YouTube Videos.

10. Defendant SERCA DISCOS, INC. is the former representative of La Leyenda, is a stranger to the Exclusivity Agreement. On or about July 25, 2017, SERCA began a fraudulent and destructive campaign to obstruct and prevent Plaintiffs from distributing and promoting the 2016 Songs and the YouTube Videos. Specifically, SERCA issued notices to YouTube ("**Takedown Notices**") pursuant to the Digital Millennium Copyright Act ("**DMCA**"), fraudulently claiming that SERCA held the copyrights to the content included in the YouTube Videos.

---

[1] Songs recorded under the Exclusivity Agreement include, but are not limited to, *Ponte de Modo*, *La Mantequilla*, *La Comezón*, *Cositas Malas*, *Quiero Alguien Que Me Quiera*, and *La Apuesta*.

11. The DMCA allows any person claiming to hold a copyright to request that the service provider—in this case, YouTube—remove access to the allegedly infringing content by written request, signed under penalty of perjury. No proof of any copyright registration is needed for a Takedown Notice to be acted upon by the Service Provider.

12. Naturally, SERCA's Takedown Notices caused YouTube to remove Tierra Caliente's YouTube Videos from the *RemexMusic* account. Under its agreement with YouTube, Tierra Caliente is a "content creator" and is therefore entitled to payment from YouTube for each time a video is viewed. The Takedown Notices caused Plaintiffs to suffer economic damages as well as reputations damages.

13. The Takedown Notices for the YouTube Videos resulted in Tierra Caliente's YouTube account receiving two out of three possible "strikes." A third strike will result in the catastrophic termination of Tierra Caliente's *RemexMusica* YouTube account, which includes videos of other exclusive artist content owned by Tierra Caliente and, in some cases, managed by MIDAS. Because of the serious threat to the continued existence of its YouTube account, and believing that SERCA would continue to issue additional Takedown Notices, Tierra Caliente could not jeopardize the continued existence of its *RemexMusica* account by uploading any more La Leyenda content. As a result, Plaintiffs' right to benefit from the 2016 Songs and YouTube Videos has been effectively hijacked by SERCA. SERCA apparently will stop at nothing to undermine Plaintiffs' business.

## CLAIMS AND DAMAGES

14. By filing the Takedown Notices, SERCA knowingly and materially misrepresented that the YouTube Videos constitute an infringement. This constitutes a violation of 17 USC § 512(f), for which Plaintiffs seeks actual damages, costs, and attorney fees resulting from YouTube relying upon such misrepresentations and removing or disabling access to the YouTube Videos.

## CONDITIONS PRECEDENT & CAPACITIES

15. All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred. Plaintiffs sue Defendant in all capacities in which Plaintiffs are able to recover and in all capacities in which Defendant may be liable.

**PRAYER**

Plaintiffs TIERRA CALIENTE MUSIC GROUP, S.A. DE C.V. and MIDAS MUSICAL, INC. pray that, upon a final trial, they recover a judgment against Defendant SER-CA DISCOS, INC. for actual damages, attorney fees, costs, interest, and all other relief to which they have shown themselves.

        Respectfully submitted,

        /s/ *Raymond L. Thomas*
        Raymond L. Thomas
        S.D. Tex. No. 10715
        rthomas@raythomaspc.com
        **RAY THOMAS, PC**
        4900-B North 10th Street
        McAllen, Texas 78504
        p. 956.632.5033
        f. 956.630.5199
        *Counsel for Plaintiffs*

**CERTIFICATE OF CONFERENCE**

This First Amended Complaint supersedes Plaintiffs' Original Petition, to which Defendant responded by filing a Rule 12(b)(6) motion to dismiss. Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading as a matter of course "after service of a motion under Rule 12(b)." FED. R. CIV. P. 15(a)(1)(B). The 21-day window Plaintiffs had to file an amended pleading was extended by agreement to October 15. Doc. 7. Accordingly, Plaintiffs are filing this First Amended Complaint as a matter of right under Rule 15 and no conference with Defendant is required.

/s/ *Raymond L. Thomas*
Raymond L. Thomas

**CERTIFICATE OF SERVICE**

On October 15, 2018, a true and correct copy of the foregoing instrument was served on the following persons in accordance with the Federal Rules of Civil Procedure:

**Via E-File**
Yocel Alonso
*Counsel for Defendant*

/s/ *Raymond L. Thomas*
Raymond L. Thomas