UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| TIERRA CALIENTE MUSIC GROUP, S.A. DE C.V. D/B/A REMEX MUSIC and MIDAS MUSICAL, INC., | § § § § | |
| | § | CIVIL ACTION NO. 7:18-CV-252 |
| VS. | § § | |
| SER-CA DISCOS, INC. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiffs file this response to Defendant's Rule 12(b)(6) motion to dismiss and respectfully show the Court the following:

1. Plaintiffs' Original Petition asserted claims for tortious interference with an existing contract, tortious interference with prospective and continuing contractual relations, and civil theft (collectively "the state law claims"). Defendant responded to Plaintiffs' Original Petition with a Rule 12(b)(6) motion to dismiss ("the dismissal motion"). Plaintiffs then filed their First Amended Complaint, whereby they abandoned their state law claims and asserted a claim under the Copyright Act—specifically, Plaintiffs are seeking relief through 17 USC § 512(f). Because the dismissal motion sought to dispose of the state law claims, which are no longer before the Court, the Court should either deny the dismissal motion or declare it moot. But to the extent Defendant nonetheless seeks to utilize the dismissal motion already on file to contest Plaintiffs' claim arising from 17 USC § 512(f), and the Court is willing to entertain as much, no relief should be afforded.

2. In the dismissal motion, Defendant preemptively asserts that any copyright claim should be dismissed because "Plaintiffs have not alleged or shown valid copyright ownership or copyright registration[.]" Doc. 5 at ¶ 4. Defendant provides a string citation of legal authorities that purportedly support this argument, but no such support can be found from any opinion cited. None of the opinions cited concern a claim pursuant to 17 USC § 512(f). The argument that Defendant is making has been made by defendants in other cases when faced with a 512(f)-based claim, and the courts in those cases have found the argument to be misguided. *See, e.g., ISE Entm't Corp. v. Longarzo*, No. 2:17-cv-09132, 2018

WL 1569803, at *4-6 (C.D. Cal. Feb. 2, 2018) ("Based upon the plain language of the statute . . . the Court concludes that neither copyright ownership nor registration are prerequisites to bringing a section 512(f) action.").

3. Lastly, Defendant preemptively asserts that Plaintiffs lack standing to bring any claim based on a "Mexican Judgment" attached to the dismissal motion. But while a court can take judicial notice of a foreign judgment in assessing a Rule 12(b)(6) motion, it is (1) doubtful that the Court may take account of the reasoning and factual recitations contained within the Mexican Judgment; and (2) common for courts to refrain from concluding that a foreign judgment has any dispositive affect on a claim at the start of litigation. *See, e.g., In re Banco Bradesco S.A. Sec. Litig.*, 277 F. Supp. 3d 600, 636 (S.D.N.Y. 2017). In looking at the Mexican Judgment and the four corners of the First Amended Complaint, the Court cannot conclude as a matter of law that Plaintiffs are incapable of establishing ownership over the "YouTube Videos," as referenced in the First Amended Complaint. The Court would have to make a number of unsupported assumptions regarding the Mexican Judgment and its application to this litigation in order to find that Plaintiffs can assert no claim under 17 USC § 512(f) as a matter of law. This it cannot do.

### Prayer

For the reason set forth above, Plaintiffs ask the Court to afford no relief on the dismissal motion.

Respectfully submitted,

/s/ *Raymond L. Thomas*

Raymond L. Thomas
S.D. Tex. No. 10715
rthomas@raythomaspc.com
**RAY THOMAS, PC**
4900-B North 10th Street
McAllen, Texas 78504
p. 956.632.5033
f. 956.630.5199
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

On October 15, 2018, a true and correct copy of the foregoing instrument was served on the following persons in accordance with the Federal Rules of Civil Procedure:

**Via E-File**
Yocel Alonso
*Counsel for Defendant*

/s/ ***Raymond L. Thomas***
Raymond L. Thomas