IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| TIERRA CALIENTE MUSIC GROUP, S.A. DE C.V. D/B/A REMEX MUSIC AND MIDAS MUSICAL, INC. <br>     Plaintiffs, <br><br> v. <br><br> SER-CA DISCOS, INC. <br>     Defendant. | § § § § § § § § § § § § | CIVIL ACTION NO.: 7:18-CV-252 <br><br><br><br> JURY TRIAL DEMANDED |

## **DEFENDANT'S AMENDED ANSWER AND COUNTERCLAIM**

Defendant SER-CA DISCOS, INC. ("SERCA," "Defendant," or "Counter-Plaintiff") files its amended answer and counterclaim against Plaintiffs TIERRA CALIENTE MUSIC GROUP, S.A. DE C.V. d/b/a Remex Music ("Tierra Caliente"), Midas Musical, Inc. ("Midas") (collectively "Plaintiffs," or "Counter-Defendants"), and Third-Party Defendants JOHN DOES 1 – 10 ("Third-Party Defendants"), and would show unto the Court as follows:

### AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

### Facts Common to Affirmative Defenses

1. Plaintiffs have not alleged or shown copyright ownership and can never do so. Although the Plaintiffs' claims are based on copyright, they have not alleged, much less shown, valid copyright ownership or copyright registration as required by 17 U.S.C. §§408(b), 411(a) and 1203. Without pleading or proof of a valid registration, the Plaintiffs' copyright claims should be dismissed *sua sponte*.

2. Plaintiffs lack standing because they own no rights in the 2016 songs. The Plaintiffs' purported claim to copyright ownership admittedly arises from the purported contract with Eliseo Robles of *La Leyenda,* who did not have the right to convey any rights according to the Final Judgment rendered on June 15, 2018, by the Third Collegiate Court of the Fourth Circuit,

Monterrey, Nuevo Leon, Mexico, in Judgment on Direct Amparo 740/2017/3 (the "Mexican Judgment"). A true and correct copy of the Mexican Judgment is attached hereto as Exhibit A (the translation is labeled A, and the Mexican Judgment is labeled B) and incorporated herein by reference.

**First Defense**

3. The Plaintiffs have no standing to bring this lawsuit. They do not have a valid contract with or copyright assignment from *La Leyenda* and do not own any rights to *La Leyenda*'s sound recordings.

**Second Defense**

4. The Plaintiffs are collaterally estopped from asserting copyright infringement claims.

**Third Defense**

5. The Plaintiffs are not entitled to relief because they are collaterally estopped from seeking relief in Court.

**Fourth Defense**

6. Plaintiffs' Complaint fails to state a claim for which relief may be granted. Alternatively, the demands and claims for relief are excessive.

**Fifth Defense**

7. Plaintiffs have waived their claims.

**Sixth Defense**

8. Defendant's actions were taken in good faith or were prevented by the Plaintiffs' wrongful actions from strict compliance with the requirements of the DMCA.

9. Defendant reserves the right to add additional affirmative defenses or third party claims against parties yet to be joined in this action, as investigation and discovery warrants.

## SPECIFIC RESPONSES TO THE PLAINTIFFS' COMPLAINT

10. Subject to the foregoing defenses, Defendant further answers the specific numbered allegations as follows:

(a). Defendant cannot admit or deny the allegations in ¶ 1 and 2;

(b) With respect to ¶3, Defendant admits that it is a Texas corporation doing business in Hidalgo County, Texas and that it has appeared in this lawsuit;

(c) Paragraph 4 contains legal conclusions that require no answer, except that the Defendant admits the jurisdictional allegations therein;

(d) Defendant admits that Eliseo Robles, Jr. is a member of the Mexican regional music band performing under the name *La Leyenda*. If necessary, the remainder of ¶ 5 is denied;

(e) Defendant cannot admit or deny the allegations in ¶ 6 - ¶9;

(f) Defendant admits that it is the current legal representative of *La Leyenda* in the United States and denies that it is solely the "former" representative. The remainder of ¶ 10 is denied;

(g) Paragraph 11 contains legal conclusions that require no answer;

(h) Defendant denies the allegations in ¶ 12 - ¶ 15; and

(i) Defendant denies that the Plaintiffs are entitled to the relief requested in the Prayer.

11. Unless specifically admitted, Defendant denies the Plaintiffs' factual allegations and legal conclusions, whether express or implied.

## JURY DEMAND

12. Defendant agrees with the Plaintiffs' jury demand and also demands trial by jury.

## REQUEST FOR RELIEF

13.     Defendant prays that the Court dismiss all of Plaintiffs' claims with prejudice, enter judgment in favor of Defendant, deny all equitable relief to Plaintiffs, award Defendant the costs of suit (including attorney's fees) and all other relief as the Court deems just and proper.

## AMENDED COUNTERCLAIM

14.     Defendant/Counter-Plaintiff SER-CA DISCOS, INC. ("SERCA" or "Counter-Plaintiff") adopts all of the preceding paragraphs by reference and incorporates them herein. This counterclaim arises out of the transactions and occurrences which are the basis for Plaintiffs' claims, involves factual and legal issues that are largely the same, and substantially the same evidence will support or refute the claims, whereby it is a compulsory within the meaning of Federal Rule of Civil Procedure 13(a).

## JURISDICTION AND VENUE

15.     The Court has exclusive subject matter jurisdiction as to the Counter-Defendants' Lanham Act violations pursuant to the Lanham Act, 15 U.S.C. §1051, et. seq. and 28 U.S.C. §1338(a), and original jurisdiction over this counterclaim under 28 U.S.C. §1331 and 17 U.S.C. §512(f), as well as its ancillary and supplemental jurisdiction under 28 U.S.C. §1367, and pendent jurisdiction over the state causes of action relating to unfair competition and trademark pursuant 28 U.S.C. §1338(b).

16.     The Court possesses personal jurisdiction over the parties, and venue in this action is proper in the United States District Court for the Southern District of Texas, McAllen Division under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. §1446 because the Counter-Defendants reside in this District, transact affairs in this District, sued SERCA in state court in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## I. Introduction

17. Counter-Plaintiff SERCA files this civil action against Plaintiff/Counter-Defendants TIERRA CALIENTE MUSIC GROUP, S.A. DE C.V. d/b/a Remex Music ("Tierra Caliente") and Midas Musical, Inc. ("Midas") (collectively "Counter-Defendants"), and Third-Party Defendant JOHN DOES 1-10 ("John Does 1-10" or "Third-Party"), invoking the assistance of the court and jury because the Counter-Defendants, through its officers and agents and John Does 1-10, chose to ignore fundamental business and legal ethics, violated the Counter-Plaintiff's legal rights, and interfered with and prevented the proper administration of Counter-Plaintiff's existing contracts. SERCA seeks to: (i) temporarily and permanently enjoin acts of statutory trademark infringement under the Lanham Act, violations of trademark infringement under the laws of the State of Texas, unjust enrichment, unfair competition and misappropriation; and (ii) recover damages, profits, treble damages or profits, attorney's fees, and costs.

## II. Background Facts Common to All Counts

18. SER-CA DISCOS, INC. is a Texas record label and event promoter. SERCA has operated as the exclusive rights holder for the Songs of *La Leyenda* in the United States, and is the legal and/or beneficial owner of its copyrights.

19. On or about February 15, 2012, *La Leyenda* entered into a written Exclusivity and Assignment of Rights Agreement (the "Recording Agreement"), with Discos y Cintas SERCA, S.A. de C.V.("SERCA MEXICO"), a Mexican record company. Before that, *La Leyenda* had entered into a similar recording agreement with SERCA MEXICO on September 13, 2007 and similar recording agreements since at least 2003, wherein *La Leyenda* agreed*, inter alia,* to "exclusively assign the totality of the rights of their artistic performances for their recording in phonograms, videograms, DVD, live recordings, or any other technical medium…" so that these recordings could be commercialized by SERCA MEXICO and its assignees. In these recording agreements *La*

*Leyenda* also granted to SERCA MEXICO "a permanent, irrevocable, and free license" to use *La Leyenda*'s "ARTISTIC NAME, brands, copy rights, rights reserves, logos, and any other property right that could be needed or convenient to use the ARTISTIC NAME."

20. The Recording Agreement and previous recording agreements granted SERCA MEXICO the right to exclusively assign its rights under the recording agreements, and SERCA MEXICO did so in favor of the Counter-Plaintiff. Accordingly, the Counter-Plaintiff's rights are equal to those in the Recording Agreement, including the exclusive rights to distribute, commercialize and sell *La Leyenda*'s sound recordings in the United States.

21. Counter-Plaintiff exercises its exclusive rights in and to *La Leyenda*'s sound recordings and related legal rights, by facilitating the publishing, streaming, distribution, and public performance of all songs featuring *La Leyenda* (the "Songs"). Counter-Plaintiff further exercises its exclusive rights to use the trademark "LA LEYENDA" (the "Mark") as a source identifier for songs featuring the performances of *La Leyenda*. Counter-Plaintiff has expended valuable time and resources to administer its exclusive rights for the benefit of *La Leyenda* in the United States.

22. In addition to controlling and facilitating the use of the Songs in the United States, SERCA retains the exclusive right to use the Mark in association with the Songs. SERCA has expended financial resources to promote the Songs and develop income streams from their sales. In 2011, SERCA entered into a distribution agreement with the distributor Select-O-Hits, Inc. ("SOH") and its Latin American music imprint Selecto Latino ("SOH Latino"), to effectuate these rights and generate income streams for the Songs in the United States. Since its first agreements with SOH and SOH Latino, SERCA has continued to execute similar contracts with SOH, SOH Latino, and others.

23. When SERCA first became aware of the Counter-Defendants' activities in 2017, SERCA was a party to at least two valid and subsisting agreements with SOH and SOH Latino. The first, executed between SOH Latino and SERCA on or about July 29, 2014, designated SOH Latino

as the exclusive distributor of the Songs in the United States (the "2014 Distribution Agreement"). The second, executed between SOH and SERCA on or about September 9, 2015, designated SOH as the exclusive distributor of the Songs on the Internet streaming service "YouTube.com," ("YouTube") throughout the world (the "2015 Streaming Agreement").

24. When SERCA was informed that copies of the Songs being posted to streaming services like YouTube, SERCA began a game of legal "whack-a-mole," attempting to prevent the unauthorized distribution of the Songs by third-parties. However, for every one of the Songs taken down, a new one was posted.

25. On March 29, 2017, a representative of the Telemundo Network ("Telemundo") responded to SERCA's removal of one of the Songs from YouTube. The representative claimed that use of the Song on the Telemundo program "Al Rojo Vivo" was authorized by a representative of *La Leyenda*. On March 31, 2017, SERCA received a copy of the purported written authorization. The authorization, dated March 30, 2017 and executed in San Antonio, Texas, was signed by Victor German Chavez Pérez ("German") of Counter-Defendant Midas Musical, Inc., who held himself to Telemundo as capable of granting legal rights to use the Song in Telemundo's programming. SERCA notified Telemundo that the authorization was, in fact, no authorization at all, and the YouTube video featuring the Song was promptly removed.

26. As shown in the Plaintiffs' Complaint, the Counter-Defendants are seeking a free ride off the back of SERCA's success, the Counter-Defendants' principals, German ("German") and Domingo Chavez ("Domingo") (collectively the "Chavez Brothers"), entered into an Exclusivity Agreement with *La Leyenda*'s Eliseo Robles on August 27, 2015. The Chavez Brothers in turn assigned their global rights to Tierra Caliente and USA rights to Midas. Midas then fraudulently represented its ownership of the Songs. SERCA believes that the Chavez Brothers and Counter-Defendant Midas were fully cognizant of the on-going relationship and distribution agreements

between SERCA, SOH, and SOH Latino. Pursuant to these illegal distribution agreements, the Counter-Defendants are siphoning royalty streams for the Songs which belong to SERCA, using Songs owned by SERCA.

27. Counter-Defendants falsely represent to others, as they do in their Complaint, that they are the exclusive owners and/or licensees of *La Leyenda*'s songs in the United States and have also filed counter notifications under the DMCA that material or activity (songs and videograms) were removed or disabled by mistake or misidentification, thereby frustrating Counter-Plaintiff's contracts and diverting money that properly belongs to Counter-Plaintiff. Counter-Defendants further intentionally create confusion in the market—for both consumer-purchasers of the Songs and corporate entities seeking to use the songs for commercial purposes—by claiming ownership and/or exercising control over the Mark. As a matter of last resort, Counter-Plaintiff seeks a declaration that Counter-Plaintiff is the sole administrator of the Songs; an injunction to prevent Counter-Defendants for continuing to exercise control over the Songs and the Mark; and recovery of damages resulting from Counter-Defendants' illegal claims of ownership of both the Songs and the Mark.

### III.    CAUSES OF ACTION

#### COUNT 1
#### Unfair Competition in Violation of Section 43(a)
#### of the Lanham Act, 15 U.S.C. §1125(A)

28. Counter-Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 27 as if fully set forth herein.

29. Counter-Defendants' unauthorized use of the *La Leyenda* Mark, trade name, and trade dress, falsely indicates to consumers that *La Leyenda*'s entertainment services originate from, are approved by, are sponsored by, are licensed by, or are affiliated with SERCA or are otherwise with SERCA's entertainment services and sound recordings. The Mark is entitled to strong

protection under Section 43(a) of the Lanham Act because the Mark, when used to identify entertainment services and sound recordings is "arbitrary" to such services and because SERCA has extensively promoted the Mark to the public.

30. The Counter-Defendants' actions amount to unfair competition which is likely to cause confusion, mistake, or to deceive the public into believing that the Counter-Defendants' goods and services originate from or are associated with SERCA. The Counter-Defendants are passing-off SERCA's Songs as their own. Counter-Defendants' fraudulent representation to third-parties of its ownership of the Songs, which are owned by Counter-Plaintiff, or otherwise its agency to administer or authorize their use, was intended to mislead the public and lead to confusion and mistake as to the source, affiliation, or sponsorship of the Songs. Counter-Defendants' actions in authorizing the use of the Songs owned by and administered by Counter-Plaintiff in the United States, and the Counter-Defendants' improper exercise of control over the Mark in commerce is likely to confuse consumers, resulting in damage to the reputation of the Counter-Plaintiff as well as actual damages in the amounts lost through the Counter-Defendants' own sales of Counter-Plaintiff's goods.

31. The Counter-Defendants' actions constitute trademark, trade name, and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a). The Counter-Defendants are therefore liable for the remedies provided for in 15 U.S.C §1114(2) and §§ 1116-1118, inclusive. The Counter-Defendants' continued and unauthorized activities have been intentional and willful, constituting an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. §1117 and SERCA is entitled to recover three times the amount of: (1) the Counter-Defendants' profits; and (2) SERCA's actual damages, including pre-judgment interest. SERCA is further entitled to recover its attorney's fees and costs incurred in this action.

32. The Counter-Defendants have caused and will continue to cause Counter-Plaintiff irreparable harm. Unless restrained and enjoined by this Court, Counter-Defendants will persist in their conduct, thereby causing Counter-Plaintiff further irreparable harm for which Counter-Plaintiff has no adequate remedy at law.

## COUNT 2
### Common Law, Unfair Competition, and Unjust Enrichment

33. Counter-Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 32 as if fully set forth herein.

34. The Counter-Defendants have unfairly competed with SERCA by their commercial conduct surrounding their use of a trademark, service mark, and/or trade name that is confusingly similar, if not identical, with SERCA's trademark rights, thereby violating the common laws of the State of Texas. The Counter-Defendants' use was intended to mislead the public and lead to confusion and mistake and pass of services as those of SERCA. The Counter-Defendants' continued unauthorized use of the Mark constitutes trademark and trade name infringement in violation of the common law of Texas. The Counter-Defendants are clearly using the Mark to sell music, the same type of product sold by SERCA, and Counter-Defendants are passing off the Songs as authorized by SERCA.

35. The Counter-Defendants' conduct is contrary to honest practice in commercial matters and violates Texas common law on unfair competition. The Counter-Defendants are directly or indirectly and/or through any corporation, entity, division, or devise passing off their goods or services as those of SERCA by virtue of a substantial similarity between the two.

36. Counter-Defendants' unauthorized use has caused and will continue to cause Counter-Plaintiff irreparable harm. Unless restrained and enjoined by this Court, Counter-Defendants will persist in its conduct, thereby causing Counter-Plaintiff further irreparable harm for which Counter-Plaintiff has no adequate remedy at law.

## COUNT 3
### Common Law Trademark Infringement

37. Counter-Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 36 as if fully set forth herein.

38. This count is asserted against the Counter-Defendants for trademark infringement arising under the laws of the State of Texas. The acts of the Counter-Defendants complained of herein, constitute infringement of SERCA's common law trademark rights and have caused and will continue to cause damage and irreparable injury to SERCA.

39. The acts of the Counter-Defendants complained of herein by infringing the trademark rights of SERCA, have been committed intentionally, willfully, deliberately, in reckless disregard for SERCA's rights, and/or with the malicious intent of injuring SERCA.

## COUNT 4
### Violation of the DMCA

40. Counter-Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 39 as if fully set forth herein. The Counter-Defendants have knowingly materially misrepresented or caused to be materially misrepresented under oath that material or activity was removed or disabled by mistake or misidentification in violation of the Digital Millennium Copyright Act, 17 U.S.C. §512(f) and (g).

## COUNT 5
### Misappropriation

41. Counter-Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 40 as if fully set forth herein.

42. The acts of the Counter-Defendants complained of above constitute misappropriation in violation of the laws of the State of Texas.

## COUNT 6
## Tortious Interference with a Pre-Existing Contract

43. Counter-Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 42 as if fully set forth herein.

44. Counter-Plaintiff had multiple exclusive contracts with *La Leyenda*, including all of its members, as well as SOH and SOH Latino for the distribution of the Songs featuring *La Leyenda*. These contracts remain valid and subsisting as of the date of this petition and during the time of Counter-Defendants' interference.

45. Counter-Defendants knew or had reason to know of Counter-Plaintiff's contracts with *La Leyenda*, SOH and SOH Latino, and internet distributors, Counter-Plaintiff's interest in the contracts, and Counter-Plaintiff's rights to enter into the contracts. However, based on information and belief and the Plaintiffs' Complaint, Counter-Defendants willfully and intentionally interfered with the Recording Agreement and the 2015 Streaming Agreement, authorizing the distribution and streaming of the Songs, including at least one of the Songs called "Cositas Malas" on a Telemundo program titled "Al Rojo Vivo." The Counter-Defendants also filed false Counter notifications under the DMCA, and in violation of 17 U.S.C. §512(f), in the furtherance of their wrongful actions.

46. Counter-Defendants' interference proximately caused injury and damages to SERCA, which resulted in actual damages including a loss in digital streaming royalty income, income from the required synchronization license to combine the music with video programming, and SERCA's loss of control of the Songs. Because the Counter-Defendants' actions are fraudulent and malicious, SERCA is also entitled to recover exemplary damages.

## COUNT 7
### Declaratory Judgment

47. Counter-Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 46 as if fully set forth herein.

48. Through its contractual relationships, SERCA is the exclusive owner and/or administrator of the Songs in the United States. SERCA has exercised these exclusive rights through contracts with third-parties like *La Leyenda*, SOH, SOH Latino, and internet distributors. However, Counter-Defendants have represented to third-parties that they are the exclusive owners of the Songs, or that they have the right to license the songs for publication, performance, display, reproduction, digital transmission, or distribution. This representation is in direct conflict with SERCA's own rights in and to the Songs.

49. A justiciable conflict exists between SERCA and Counter-Defendants. Specifically, a conflict exists as to whether SERCA is the owner and/or administrator of the Songs and has the exclusive right in the United States to exploit them. A judicial declaration is necessary and appropriate under 18 U.S.C. § 2201 that: (1) SERCA owns and/or has the exclusive administration rights to the copyrights to the master sound recordings of the Songs; (2) that the Counter-Defendants have no copyright ownership or administration rights in the master sound recordings of the Songs; (3) any copyright registrations by Counter-Defendants to SERCA's Songs are invalid; and (4) that any contract entered into by Counter-Defendants predicated on these fabricated rights to the Songs are null and void.

## COUNT 8
### Application for Temporary and Permanent Injunction

50. Counter-Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 49 as if fully set forth herein.

51. Counter-Plaintiff seeks injunctive relief from the Counter-Defendants' conduct

pursuant to the Lanham Act, 15 U.S.C. §1051-1141 and the laws of the State of Texas. Clear equity demands the issuance of injunctive relief. The Counter-Plaintiff has no adequate remedy at law for the injuries hereinabove described. The injuries and losses are continuing. The property and rights involved are unique and irreplaceable, so that it will be impossible to accurately measure, in monetary terms, the damages caused by the Counter-Defendants' conduct.

52.   It is essential that this Court immediately and temporarily restrain the Counter-Defendants from continuing with the conduct described in this Petition. It is also essential that the Court act immediately, because the Counter-Defendants, if left unrestrained, will continue to:

(a)   wrongfully exercise dominion and control over the Songs that it does not own by publishing, displaying, performing, reproducing, transmitting, distributing, or allowing others to publish, display, perform, reproduce, transmit, or distribute the Songs;

(b)   accept or receive payments for the Counter-Defendants' exploitation or its wrongful authorization of third-party exploitation of the Songs it does not own through physical, digital, streaming, and synchronization of the Songs;

(c)   wrongfully exercise dominion and control over the trademark "LA LEYENDA" in connection with the Songs in commerce; and

(d)   cause a miscarriage of justice.

53.   In order to preserve the status quo, and the property rights of SERCA during the pendency of this action, Counter-Defendants should be cited to appear and show cause why they should not be temporarily enjoined during the pendency of this action from wrongfully authorizing the exploitation of the Songs; wrongfully identifying itself as the owner of the Songs; accepting payment from third-parties for exploitation of the Songs; contracting with third-parties for the further exploitation or administration of the Songs in violation of SERCA's rights; wrongfully

exercising control over the Mark in commerce; and causing a miscarriage of justice.

## IV.    JURY DEMAND

54. Counter-Plaintiff asserts its right to a trial by jury, under Texas Constitution Article 1, Section 15, and tenders the required fee with this Petition.

## V.    CONDITIONS PRECEDENT

55. All conditions precedent to Counter-Plaintiff's right to recover in this suit have been performed or have occurred.

## VI.    PRAYER AND RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Counter-Plaintiff SERCA requests that Counter-Defendants TIERRA CALIENTE MUSIC GROUP, S.A. DE C.V. d/b/a Remex Music and Midas Musical, Inc.'s claims against SERCA be dismissed and that they take nothing by their claims; that on final trial judgment be entered in favor of SERCA and against Counter-Defendants, as follows:

(a) Judgment against Counter-Defendants for the relief hereinabove requested;

(b) A declaration that Counter-Plaintiff is the exclusive owner of the Songs;

(c) A temporary injunction and permanent injunction prohibiting Counter-Defendants from exercising dominion and control over the Songs;

(d) A declaration that the contracts entered into by Counter-Defendants on the basis that Counter-Defendants are the exclusive owner of the Songs are null and void;

(e) Reasonable attorney's fees;

(f) Pre-judgment and post-judgment interest at the highest legal rate;

(g) Costs of suit; and

(h) Such other and further relief to which Counter-Plaintiff may be justly entitled.

Respectfully submitted,

By: /S/ Yocel Alonso
Yocel Alonso
ALONSO, PLLC
State Bar No. 01109100
S.D. Tex. Id. No. 3325
130 Industrial Blvd., Suite 110
P.O. Box 45
Sugar Land, Texas 77487-0045
Tel.:  (281) 240-1492
Email:  Yocel@AlonsoLaw.com
**ATTORNEY FOR DEFENDANT/COUNTER-PLAINTIFF SER-CA DISCOS, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of this response was served in accordance with the Federal Rules of Civil Procedure and by electronic transmission to all registered ECF users appearing in the case on December 19, 2018, as follows:

Raymond L. Thomas
David O. Sanchez
RAY THOMAS, PC
4900-B North 10th Street
McAllen, Texas 78504
Tel: (956) 632-5033
Fax: (956) 630-5199
Email: rthomas@raythomaspc.com
Email: dsanchez@raythomaspc.com

                                            __/S/Yocel Alonso_____
                                            Yocel Alonso