IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| TIERRA CALIENTE MUSIC | § | |
| GROUP, S.A. DE C.V. D/B/A | § | CIVIL ACTION NO.: 7:18-CV-252 |
| REMEX MUSIC AND MIDAS | § | |
| MUSICAL, INC. | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| SER-CA DISCOS, INC. | § | |
|     Defendant. | § | |

## DEFENDANT'S SECOND AMENDED ANSWER AND COUNTERCLAIM

Defendant SER-CA DISCOS, INC. ("SER-CA," "Defendant," or "Counter-Plaintiff") files its second amended answer and counterclaim against Plaintiffs TIERRA CALIENTE MUSIC GROUP, S.A. DE C.V. d/b/a Remex Music ("Tierra Caliente"), Midas Musical, Inc. ("Midas") (collectively "Plaintiffs," or "Counter-Defendants"), and Third-Party Defendants JOHN DOES 1 – 10 ("Third-Party Defendants"), and would show unto the Court as follows:

## AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

### Facts Common to Affirmative Defenses

1.      Plaintiffs are infringers who have not alleged or shown copyright ownership and can never do so. Although the Plaintiffs' actions and claims are actually based on their claim of copyright ownership, they have not alleged, much less shown, valid copyright ownership or copyright registration as required by 17 U.S.C. §§408(b), 411(a) and 1203. Without pleading or proof of a valid registration, the Plaintiffs' copyright claims should be dismissed *sua sponte*.

2.     Plaintiffs lack standing because they own no valid legal rights in the 2016 Songs and are infringers. The Plaintiffs' purported claim to copyright ownership admittedly arises from the purported contract with Eliseo Robles of *La Leyenda,* who did not have the right to convey any rights.

3.     On or about February 15, 2012, *La Leyenda* entered into a written Exclusivity and Assignment of Rights Agreement (the "Recording Agreement"), with Discos y Cintas SERCA, S.A. de C.V. ("SERCA MEXICO"), a Mexican record company. The Plaintiff has admitted that the Recording Agreement between SERCA MEXICO and La Leyenda have never been invalidated by any Mexican court, despite the Plaintiff's and La Leyenda's many efforts to do so in lawsuits and trumped-up criminal charges. The Plaintiffs and their owners and agents have funded, participated in, and provided the legal representation for La Leyenda in the litigation in Mexico.

4.     This litigation in Mexico resulted in a Judgment entered on or about September 4, 2017 in favor of SERCA MEXICO, which La Leyenda appealed and lost. The Plaintiff's and a Leyenda's made a last, futile attempt to invalidate the Recording Agreement by filing and prosecuting an Amparo in the Third Collegiate Court of the Fourth Circuit of Monterrey, Nuevo Leon, Mexico, which rejected their arguments. In fact, according to the Final Judgment rendered on June 15, 2018, by said Court in the Judgment on Direct Amparo 740/2017/3(the "Mexican Judgment"),  the Recording Agreement between SERCA MEXICO and La Leyenda was in full force and effect not only in 2015 when the Plaintiffs, their owners, and La Leyenda entered into their contracts and so-called Exclusivity Agreement, but also through the date of this Complaint. A true and correct copy of the Mexican Judgment is attached hereto as Exhibit A (the translation is labeled A, and the Mexican Judgment is labeled B) and incorporated herein by reference.

**First Defense**

5.      The Plaintiffs have no standing to bring this lawsuit. They do not have a valid contract with or copyright assignment from *La Leyenda*, do not own any rights to *La Leyenda*'s sound recordings, and are copyright infringers.

**Second Defense**

6.      The Plaintiffs are collaterally estopped from asserting copyright infringement claims.

**Third Defense**

7.      The Plaintiffs are not entitled to relief because they are collaterally estopped from seeking relief in Court.

**Fourth Defense**

8.      Plaintiffs' Complaint fails to state a claim for which relief may be granted. Alternatively, the demands and claims for relief are excessive.

**Fifth Defense**

9.      Plaintiffs have waived their claims**.**

**Sixth Defense**

10.     Defendant's actions were taken in good faith or were prevented by the Plaintiffs' wrongful actions from strict compliance with the requirements of the DMCA.

11.     Defendant reserves the right to add additional affirmative defenses or third-party claims against parties yet to be joined in this action, as investigation and discovery warrants.

## SPECIFIC RESPONSES TO THE PLAINTIFFS' COMPLAINT

12.     Subject to the foregoing defenses, Defendant further answers the specific numbered allegations as follows:

(a)     Defendant cannot admit or deny the allegations in ¶ 1 and ¶ 2;

(b)     With respect to ¶ 3, Defendant admits that it is a Texas corporation doing business in Hidalgo County, Texas and that it has appeared in this lawsuit;

(c)     Paragraph 4 contains legal conclusions that require no answer, except that the Defendant admits the jurisdictional allegations therein;

(d)     Defendant admits that Eliseo Robles, Jr. is a member of the Mexican regional music band performing under the name *La Leyenda*. If necessary, the remainder of ¶ 5 is denied;

(e)     Defendant cannot admit or deny the allegations in ¶ 6 - ¶ 9;

(f)     Defendant admits that it is the current legal representative of *La Leyenda* in the United States and denies that it is solely the "former" representative. The remainder of ¶ 10 is denied;

(g)     Paragraph 11 contains legal conclusions that require no answer;

(h)     Defendant denies the allegations in ¶ 12 - ¶ 15; and

(i)     Defendant denies that the Plaintiffs are entitled to the relief requested in the Prayer.

13.     Unless specifically admitted, Defendant denies the Plaintiffs' factual allegations and legal conclusions, whether express or implied.

## JURY DEMAND

14.     Defendant agrees with the Plaintiffs' jury demand and also demands trial by jury.

## REQUEST FOR RELIEF

15.     Defendant prays that the Court dismiss all of Plaintiffs' claims with prejudice, enter judgment in favor of Defendant, deny all equitable relief to Plaintiffs, award Defendant the costs of suit (including attorney's fees) and all other relief as the Court deems just and proper.

## SECOND AMENDED COUNTERCLAIM

16.     Defendant/Counter-Plaintiff SER-CA DISCOS, INC. ("SER-CA" or "Counter-Plaintiff") adopts all of the preceding paragraphs by reference and incorporates them into each paragraph of the counterclaim. This counterclaim arises out of the transactions and occurrences which are the basis for Plaintiffs' claims, involves factual and legal issues that are largely the same, and substantially the same evidence will support or refute the claims, whereby it is a compulsory within the meaning of Federal Rule of Civil Procedure 13(a).

## JURISDICTION AND VENUE

17.     The Court has exclusive subject matter jurisdiction as to the Counter-Defendants' Lanham Act violations pursuant to the Lanham Act, 15 U.S.C. §1051, et. seq. and 28 U.S.C. §1338(a), and original jurisdiction over this counterclaim under 28 U.S.C. §1331 and 17 U.S.C. §512(f), the Copyright Act, 17 U.S.C. §§101, et. seq., for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §2201, as well as its ancillary and supplemental jurisdiction under 28 U.S.C. §1367, and pendent jurisdiction over the state causes of action relating to unfair competition and trademark pursuant 28 U.S.C. §1338(b).

18.     The Court has personal jurisdiction over the parties, and venue in this action is proper in the United States District Court for the Southern District of Texas, McAllen Division under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. §1446, because the Counter-Defendants reside in this District, transact affairs in this District, sued SER-CA in state court in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## I.     Introduction

19.     SER-CA files this civil action against Plaintiff/Counter-Defendants TIERRA CALIENTE MUSIC GROUP, S.A. DE C.V. d/b/a Remex Music ("Tierra Caliente") and Midas Musical, Inc. ("Midas") (collectively "Counter-Defendants"), and Third-Party Defendants JOHN DOES 1-10 ("John

Does 1-10" or "Third-Party"), invoking the assistance of the court and jury because the Counter-Defendants, through their owners, officers and agents and John Does 1-10, chose to ignore fundamental business and legal ethics and, through unscrupulous business transactions, have calculated and acted to deprive the Counter-Plaintiff of its legal rights and rightful interests under the Copyright Act, as well as interfered with and prevented the proper administration of Counter-Plaintiff's existing contracts, all in violation of federal and state law. SER-CA seeks to: (i) temporarily and permanently enjoin acts of statutory trademark infringement under the Lanham Act, violations of trademark infringement under the laws of the State of Texas, as well as their unjust enrichment, interference with its business and contractual relations and prospective economic advantage, unfair competition and misappropriation; and (ii) recover damages, profits, treble damages or profits, attorney's fees, and costs.

## II. Background Facts Common to All Counts

20. SER-CA is a Texas record label and event promoter. SER-CA has operated as the exclusive rights holder for the Songs of *La Leyenda* in the United States, and is the legal and/or beneficial owner of its copyrights.

21. On or about February 15, 2012, *La Leyenda* entered into a written Exclusivity and Assignment of Rights Agreement (the "Recording Agreement"), with Discos y Cintas SERCA, S.A. de C.V. ("SERCA MEXICO"), a Mexican record company. Before that, *La Leyenda* had entered into a similar recording agreement with SERCA MEXICO on September 13, 2007 and similar recording agreements since at least 2003, wherein *La Leyenda* agreed*, inter alia,* to "exclusively assign the totality of the rights of their artistic performances for their recording in phonograms, video-grams, DVD, live recordings, or any other technical medium…" so that these recordings could be commercialized by SER-CA MEXICO and its assignees.

22. In these recording agreements *La Leyenda* also granted to SERCA MEXICO "a permanent,

irrevocable, and free license" to use *La Leyenda*'s "ARTISTIC NAME, brands, copy rights, rights reserves, logos, and any other property right that could be needed or convenient to use the ARTISTIC NAME." Of course, the Counter-Defendants were aware of these contracts.

23.     The Recording Agreement and previous recording agreements granted SERCA MEXICO the right to exclusively assign its rights under the recording agreements, and SERCA MEXICO did so in favor of the Counter-Plaintiff. Accordingly, the Counter-Plaintiff's rights are equal to those in the Recording Agreement, including the exclusive rights to distribute, commercialize and sell *La Leyenda*'s sound recordings in the   United States.

24.     Counter-Plaintiff exercises its contract rights and exclusive rights in and to *La Leyenda*'s sound recordings and related legal rights by facilitating the publishing, streaming, distribution, and public performance of all songs featuring *La Leyenda* (the "Songs"). Counter-Plaintiff further exercises its exclusive rights to use the trademark "LA LEYENDA" (the "Mark") as a source identifier for songs featuring the performances of *La Leyenda*. Counter-Plaintiff has expended valuable time and resources to administer its exclusive rights for the benefit of *La Leyenda* in the United States.

25.     In addition to distributing, promoting, controlling and facilitating the use of the Songs in the United States, SER-CA retains the exclusive right to use the Mark in association with the Songs. SER-CA has expended financial resources to promote the Songs and develop income streams from their sales. In 2011, SER-CA entered into a distribution agreement with the distributor Select-O-Hits, Inc. ("SOH") and its Latin American music imprint Selecto Latino ("SOH Latino"). Through SOH and other digital distributors of sound recordings, SER-CA effectuates these rights and generates physical and digital distribution income streams for the Songs in the United States. Since its first agreements with SOH and SOH Latino, SER-CA has continued to execute similar contracts with SOH, SOH Latino, and, through, SOH other digital distributors.

26.     As shown in the Plaintiffs' Complaint, the Counter-Defendants are seeking a free ride off the back of SER-CA's success, the Counter-Defendants' principals, German ("German") and Domingo Chavez ("Domingo") (collectively the "Chavez Brothers"), entered into a so-called Exclusivity Agreement with *La Leyenda*'s Eliseo Robles on August 27, 2015. The Chavez Brothers in turn assigned their global rights to Tierra Caliente and USA rights to Midas, companies which they own and control. Pursuant to this wrongful agreement, Midas then falsely represented its ownership of the Songs. SER-CA believes that the Chavez Brothers and Counter-Defendant Midas were fully cognizant of the on-going relationship and distribution agreements between SER-CA, SOH, and SOH Latino and their digital music distributors. Pursuant to these illegal distribution agreements, the Counter-Defendants are siphoning royalty streams for the Songs which belong to SER-CA, using Songs owned by SER-CA.

27.     When SER-CA first became aware of the Counter-Defendants' wrongful activities in 2017, SER-CA was a party to at least two valid and subsisting agreements with SOH and SOH Latino. The first, executed between SOH Latino and SER-CA on or about July 29, 2014, designated SOH Latino as the exclusive distributor of the Songs in the United States (the "2014 Distribution Agreement"). The second, executed between SOH and SER-CA on or about September 9, 2015, designated SOH as the exclusive distributor of the Songs on the Internet streaming service "YouTube.com," ("YouTube") throughout the world (the "2015 Streaming Agreement").

28.     In violation of the Copyright Act and their common law duties, the Counter-Defendants aided and abetted by their long-time Mexican attorneys, which were also used as a conduit to mask their actions,  conspired with *La Leyenda*, their Mexican attorneys,  and others to usurp SER-CA's rights and interests under its agreement with SERCA Mexico, SOH, and digital distributors an divert the income that SER-CA received from the distribution of *La Leyenda*'s sound recordings. SER-CA is informed and believes and based thereon alleges that, among other brazen conduct, the Counter-Plaintiffs have

concealed illegal agreements deliberately designed to destroy, circumvent and/or dilute SER-CA's interests.

29.     When SER-CA was informed that copies of the Songs being posted to streaming services like YouTube, SER-CA was required to begin a game of legal "whack-a-mole," attempting to prevent the unauthorized distribution of the Songs by third-parties. However, for every one of the Songs taken down, a new one was posted.

30.     On March 29, 2017, a representative of the Telemundo Network ("Telemundo") responded to SER-CA's removal of one of the Songs from YouTube. The representative claimed that use of the Song on the Telemundo program "Al Rojo Vivo" was authorized by a representative of *La Leyenda*. On March 31, 2017, SER-CA received a copy of the purported written authorization. The authorization, dated March 30, 2017 and executed in San Antonio, Texas, was signed by Victor German Chavez Pérez ("German") of Counter-Defendant Midas Musical, Inc., who held himself to Telemundo as capable of granting legal rights to use the Song in Telemundo's programming. SER-CA notified Telemundo that the authorization was, in fact, no authorization at all, and the YouTube video featuring the Song was promptly removed.

31.     Counter-Defendants falsely represent to others, as they do in their Complaint, that they are the exclusive owners and/or licensees of *La Leyenda*'s songs in the United States and have also filed counter notifications under the DMCA that material or activity (songs and video-grams) were removed or disabled by mistake or misidentification, thereby frustrating Counter-Plaintiff's contracts and diverting money that properly belongs to Counter-Plaintiff. Counter-Defendants further intentionally create confusion in the market—for both consumer-purchasers of the Songs and corporate entities seeking to use the songs for commercial purposes—by claiming ownership and/or exercising control over the Mark.

32.     Decisive Court intervention is needed to annul the Counter-Defendant's illegal agreements and prevent the Counter-Defendants from destroying SER-CA's valuable contractual interests and its state

common law right to the proceeds derived therefrom. As a matter of last resort, Counter-Plaintiff seeks a declaration that Counter-Plaintiff is the sole administrator of the Songs; an injunction to prevent Counter-Defendants for continuing to exercise control over the Songs and the Mark; and recovery of damages resulting from Counter-Defendants' illegal claims of ownership of both the Songs and the Mark.

## III.    CAUSES OF ACTION

### COUNT 1
### Declaratory Judgment

33.     Counter-Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 32 as if fully set forth herein.

34.     Through its contractual relationships, SER-CA is the exclusive owner and/or administrator of the Songs in the United States. SER-CA has exercised these exclusive rights through contracts with third-parties like *La Leyenda*, SOH, SOH Latino, and internet distributors.

35.     *La Leyenda* was prohibited from transferring any portion of the rights and interests to its music and services pursuant to its contract with SER-CA MEXICO, which the Counter-Defendants were fully aware of. However, Counter-Defendants have represented to third-parties that they are the exclusive owners of the Songs, or that they have the right to license the songs for publication, performance, display, reproduction, digital transmission, or distribution. This representation is in direct conflict with SER-CA's own rights in and to the Songs.

36.     By reason of the foregoing, an actual and justifiable controversy has arisen and now exists between SER-CA and Counter-Defendants in that SER-CA contends and the Counter-Defendants deny that the Counter-Defendants' agreements for *La Leyenda*'s services, copyrights, and trademark rights are void and unenforceable, including as a violation of the Copyright Act. In fact, all of the Counter-Defendants' agreements with the Chavez Brothers, *La Leyenda* for *La Leyenda*'s services in the entertainment business are void *ab initio* and unenforceable as they directly or indirectly are in violation

of and prohibited by, *La Leyenda*'s agreements with SERCA MEXICO and SER-CA's rights thereunder, which forbid *La Leyenda* to wrongfully traffic in the rights previously given to SERCA MEXICO and SER-CA.

37.     A justiciable conflict exists between SER-CA and Counter-Defendants. Specifically, a conflict exists as to whether SER-CA is the owner, beneficial owner, and/or administrator of the sound recordings and Songs and as to whether SER-CA or the Counter-Defendants have the exclusive right to distribute them in the United States.

38.     A declaration of this Court is warranted under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*., to establish the parties' respective rights and obligations with respect to their rights to *La Leyenda*'s Songs and professional services. This declaration should establish that the Counter-Defendants' purported agreements for *La Leyenda*'s sound recordings and services are void and unenforceable as a matter of law and public policy. The declaration should further establish that any agreement by the Counter-Defendants is void, unenforceable and prohibited as a matter of law and public policy.

39.     A judicial declaration is necessary and appropriate under 18 U.S.C. § 2201 that: (1) SER-CA owns and/or has the exclusive administration rights to the copyrights to the master sound recordings of the Songs; (2) that the Counter-Defendants have no copyright ownership or administration rights in the master sound recordings of the Songs; (3) any copyright registrations by Counter-Defendants to SER-CA's Songs are invalid; and (4) that  any contract entered into by Counter-Defendants predicated on these fabricated rights to the Songs are null and void.

40.     SER-CA is entitled to an injunction, enjoining Counter-Defendants, their officers, agents and employees, and all persons acting in concert with them, from entering into or performing any agreement which directly or indirectly conflicts with SER-CA's interests with respect to *La Leyenda*'s sound recordings, including any agreement.

**COUNT 2**
**Tortious Interference with SER-CA's Contracts and Prospective Economic Advantage**

41.     Counter-Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 40 as if fully set forth herein.

42.     Through SERCA MEXICO, Counter-Plaintiff had multiple exclusive contracts with and/or pertaining to *La Leyenda*, including all of its members, as well as SOH and SOH Latino for the distribution of the Songs featuring *La Leyenda*. SER-CA has developed economic relationships including not only SOH and other music distributors, but also radio and television stations, venues, and booking agents, and others in the entertainment business. These contracts and business relationships remain valid and subsisting as of the date of this action and during the time of Counter-Defendants' interference.

43.     Counter-Defendants knew or had reason to know of Counter-Plaintiff's contracts with *La Leyenda*, SOH and SOH Latino, internet distributors, and other third-parties in the music business, Counter-Plaintiff's interest in the contracts, and Counter-Plaintiff's rights to enter into the contracts. However, based on information and belief and the Plaintiffs' Complaint, Counter-Defendants willfully and intentionally interfered with the Recording Agreement and the 2015 Streaming Agreement, authorizing the distribution and streaming of the Songs, including at least one of the Songs called "Cositas Malas" on a Telemundo program titled "Al Rojo Vivo." The Counter-Defendants also filed false Counter notifications under the DMCA, and in violation of 17 U.S.C. §512(f), in the furtherance of their wrongful actions.

44.     By their wrongful conduct, the Counter-Defendants intended to disrupt SER-CA's relationships in order to divert SER-CA's economic interests in *La Leyenda* to the Counter-Defendants. The Counter-Defendants knew that, by their conduct, disruption of SER-CA's business relationships was certain or substantially certain to occur and, as intended, the Counter-Defendants' conduct has disrupted SER-CA's relationships with such third-parties. Counter-Defendants' conduct alleged herein was

12

intentional and was engaged in for the purpose of depriving SER-CA of property or legal rights or to otherwise cause injury; was despicable conduct committed with conscious disregard for SER-CA's rights; and was carried out with fraud, oppression, and malice, so as to justify an award of exemplary or punitive damages in an amount according to proof at trial.

45. Counter-Defendants' interference proximately caused injury and damages to SER-CA, which resulted in actual damages, including a loss in digital streaming royalty income, income from the required synchronization license to combine the music with video programming, and SER-CA's loss of control of the Songs. Because the Counter-Defendants' actions are fraudulent and malicious, SER-CA is also entitled to recover exemplary damages.

## COUNT 3
### Negligent Interference with Prospective Economic Advantage

46. Counter-Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 45 as if fully set forth herein.

47. At all relevant times Counter-Defendants were or should have been aware of SER-CA's relationships with such third-parties. Nevertheless, and despite SER-CA's status, Counter-Defendants have dealt with *La Leyenda* in a secretive fashion, and a total lack of transparency, and have intentionally kept SER-CA in the dark so as to manipulate any transaction regarding *La Leyenda* to Counter-Defendants' benefit and SER-CA's detriment by diverting or otherwise diminishing SER-CA's proceeds therefrom, as alleged herein. SER-CA is informed and believes and based thereon alleges that to further their wrongful objectives, Counter-Defendants have also portrayed SER-CA in a negative, adversarial light to *La Leyenda* and such third-parties.

48. Counter-Defendants knew or should have known that their unreasonable and wrongful conduct would disrupt and damage SER-CA's relationships with *La Leyenda* and such third-parties. Nevertheless, Counter-Defendants failed to use reasonable care when doing business with *La Leyenda*

and third-parties to avoid such disruption and damage, and Counter-Defendants' conduct has, in fact, disrupted SER-CA's relationships with *La Leyenda* and such third-parties.

49.     As a direct and proximate result of Counter-Defendants' conduct, SER-CA has suffered and will continue to suffer economic damages in an amount to be adjudicated at trial, plus prejudgment interest.

## COUNT 4
## Misappropriation

50.     Counter-Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 49 as if fully set forth herein.

51.     The acts of the Counter-Defendants complained of above constitute misappropriation in violation of the laws of the State of Texas.

## COUNT 5
## Unjust Enrichment

52.     Counter-Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 51 as if fully set forth herein.

53.     SER-CA is informed and believes and based thereon alleges that the Counter-Defendants, in their dealings with third parties, members of the public, and SER-CA, have engaged in unlawful and unfair conduct toward SER-CA's rights under state common law with respect to *La Leyenda*'s recordings and the Songs, including deceptive and unfair practices to deceive SER-CA out of its rights in *La Leyenda*'s sound recordings.

54.     This count is asserted against the Counter-Defendants for the restitution of the income, gains, compensation, profits, royalties, and advantages obtained, received, or to be received by the Counter-Defendants arising from their wrongful exploitation of SER-CA's rights to *La Leyenda*'s sound

recordings and the Songs achieved through their unlawful agreements with *La Leyenda*, Counter-Defendants' owners, and each other.

55.     As a direct and proximate result of the Counter-Defendants' conduct, acts, and omissions as alleged herein, SER-CA has been damaged, and the Counter-Defendants have been and will continue to be unjustly enriched, in an amount that will be assessed at trial for which restitution and/or restitutionary disgorgement is appropriate. Such should include a declaration by this Court that the Counter-Defendants' agreements with their owners and *La Leyenda* are null and void and that the Counter-Defendants are constructive trustees for the benefit of SER-CA and an order that the Counter-Defendants convey to SER-CA any and all proceeds from the compensation due to SER-CA.

56.     The Counter-Defendants' unauthorized use and distribution of *La Leyenda*'s sound recordings, songs, and personal services has caused and will continue to cause Counter-Plaintiff irreparable harm. The Counter-Defendants' acts, and omissions have proximately caused and will continue to cause SER-CA substantial injury and damage including, without limitation, diminution in the value of SER-CA's interests in the Songs. The harm that the Counter-Defendants' conduct will cause to SER-CA is both imminent and irreparable, and the amount of damage sustained by SER-CA will be difficult to ascertain if such wrongful conduct is allowed to continue unabated and without restraint. Counter-Defendants' wrongful conduct.

57.     SER-CA has no adequate remedy at law with respect to the Counter-Defendants' ongoing unlawful conduct.  Unless restrained and enjoined by this Court, Counter-Defendants will persist in its conduct, thereby causing Counter-Plaintiff further irreparable harm for which Counter-Plaintiff has no adequate remedy at law.

**COUNT 6**
**Unfair Competition in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(A)**

58.     Counter-Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 57 as if fully set forth herein.

59.     Counter-Defendants' unauthorized use of the *La Leyenda* Mark, trade name, and trade dress, falsely indicates to consumers that *La Leyenda*'s entertainment services originate from, are approved by, are sponsored by, are licensed by, or are affiliated with SER-CA or are otherwise with SER-CA's entertainment services and sound recordings. The Mark is entitled to strong protection under Section 43(a) of the Lanham Act because the Mark, when used to identify entertainment services and sound recordings is "arbitrary" to such services and because SER-CA has extensively promoted the Mark to the public.

60.     The Counter-Defendants' actions amount to unfair competition which is likely to cause confusion, mistake, or to deceive the public into believing that the Counter-Defendants' goods and services originate from or are associated with SER-CA. The Counter-Defendants are passing-off SER-CA's Songs as their own. Counter-Defendants' fraudulent and/or negligent representation to third-parties of its ownership of the Songs, which are owned by Counter-Plaintiff, or otherwise its agency to administer or authorize their use, was intended to mislead the public and lead to confusion and mistake as to the source, affiliation, or sponsorship of the Songs. Counter-Defendants' wrongful actions in entering into an unlawful agreement for the exclusive distribution of *La Leyenda*'s Songs while SER-CA's contracts were in full force and effect, authorizing the use of the Songs owned by and administered by Counter-Plaintiff in the United States, and the Counter-Defendants' improper exercise of control over the Mark in commerce is likely to confuse consumers, resulting in damage to the reputation of the Counter-Plaintiff as well as actual damages in the amounts lost through the Counter-Defendants' own sales of Counter-Plaintiff's goods.

61.     The Counter-Defendants' actions constitute trademark, trade name, and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a). The Counter-Defendants are therefore liable for the remedies provided for in 15 U.S.C §1114(2) and §§ 1116-1118, inclusive. The Counter-Defendants' continued and unauthorized activities have been intentional and willful, constituting an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. §1117 and SER-CA is entitled to recover three times the amount of: (1) the Counter-Defendants' profits; and (2) SER-CA's actual damages, including pre-judgment interest. SER-CA is further entitled to recover its attorney's fees and costs incurred in this action.

62.     The Counter-Defendants have caused and will continue to cause Counter-Plaintiff irreparable harm. Unless restrained and enjoined by this Court, Counter-Defendants will persist in their conduct, thereby causing Counter-Plaintiff further irreparable harm for which Counter-Plaintiff has no adequate remedy at law.

## COUNT 7
## Common Law Unfair Competition

63.     Counter-Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 62 as if fully set forth herein.

64.     The Counter-Defendants have unfairly competed with SER-CA by their commercial conduct surrounding their use of a trademark, service mark, and/or trade name that is confusingly similar, if not identical, with SER-CA's trademark rights, thereby violating the common law of the State of Texas. The Counter-Defendants' use was intended to mislead the public and lead to confusion and mistake and pass of services as those of SER-CA. The Counter-Defendants' continued unauthorized use of the Mark constitutes trademark and trade name infringement in violation of the common law of Texas. The Counter-Defendants are clearly using the Mark to sell music, the same type of product sold by SER-CA, and

Counter-Defendants are passing off the Songs as authorized by SER-CA and unfairly benefitting from the many years of promotional work by SER-CA on behalf of *La Leyenda*.

## COUNT 8
### Common Law Trademark Infringement

65.     Counter-Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 64 as if fully set forth herein.

66.     The Counter-Defendants for trademark infringement arising under the laws of the State of Texas. The acts of the Counter-Defendants complained of herein, also constitute infringement of SER-CA's common law trademark rights and have caused and will continue to cause damage and irreparable injury to SER-CA.

67.     The acts of the Counter-Defendants complained of herein by infringing the trademark rights of SER-CA, have been committed intentionally, willfully, deliberately, in reckless disregard for SER-CA's rights, and/or with the malicious intent of injuring SER-CA.

## COUNT 9
### Violation of the Digital Millennium Copyright Act

68.     Counter-Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 67 as if fully set forth herein.

69.     The Counter-Defendants have knowingly materially misrepresented or caused to be materially misrepresented under oath that material or activity was removed or disabled by mistake or misidentification in violation of the Digital Millennium Copyright Act, 17 U.S.C. §512(f) and (g).

## COUNT 10
### Accounting

70.     Counter-Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 69 as if fully set forth herein.

71. Under state common law, SER-CA is also entitled to an order requiring the Counter-Defendants, jointly and severally, to render an accounting to ascertain the amount of such proceeds as it has wrongfully obtained from its agreements for *La Leyenda*'s sound recordings and services. The Counter-Defendants' conduct is contrary to honest practice in commercial matters and violates Texas common law on unjust enrichment, misappropriation, unfair competition, and interference with SER-CA's business relations, contracts, and prospective economic advantage. The Counter-Defendants are directly or indirectly and/or through any corporation, entity, division, or devise passing off their goods or services as those of SER-CA by virtue of a substantial similarity between the two.

72. SER-CA is informed and believes and, on that basis, alleges that Counter-Defendants have engaged in additional undisclosed and as-yet-undiscovered transactions and agreements regarding the valuable interests in *La Leyenda*'s sound recordings, Songs, and services by which Counter-Defendants have been compensated.

73. SER-CA is entitled to an order requiring Counter-Defendants to account to SER-CA with respect to all compensation or proceeds paid or payable to Counter-Defendants with respect to *La Leyenda*'s sound recordings, Songs, and services, and for an order requiring Counter-Defendants to provide to SER-CA their complete, detailed books and records of account concerning *La Leyenda*.

### COUNT 11
### Application for Temporary and Permanent Injunction

74. Counter-Plaintiff alleges and incorporates by reference the allegations set forth in paragraphs 1 through 73 as if fully set forth herein.

75. The Counter-Defendants' conduct as alleged hereinabove will continue unless enjoined by the Court. SER-CA has no adequate remedy at law for such continuing wrongful conduct and is suffering irreparable damages as a result of the aforesaid acts of the Counter-Defendants. Counter-Plaintiff seeks injunctive relief from the Counter-Defendants' conduct pursuant to the Lanham Act, 15 U.S.C. §1051-

1141 and the laws of the State of Texas. Clear equity demands the issuance of injunctive relief. The Counter-Plaintiff has no adequate remedy at law for the injuries hereinabove described. The injuries and losses are continuing. The property and rights involved are unique and irreplaceable, so that it will be impossible to accurately measure, in monetary terms, the damages caused by the Counter-Defendants' conduct.

76.     It is essential that this Court immediately and temporarily restrain the Counter-Defendants from continuing with the conduct described in this Complaint. It is also essential that the Court act immediately, because the Counter-Defendants, if left unrestrained, will continue to:

(a)     wrongfully exercise dominion and control over the Songs that it does not own by publishing, displaying, performing, reproducing, transmitting, distributing, or allowing others to publish, display, perform, reproduce, transmit, or distribute the Songs;

(b)     accept or receive payments for the Counter-Defendants' exploitation or its wrongful authorization of third-party exploitation of the Songs it does not own through physical, digital, streaming, and synchronization of the Songs;

(c)     wrongfully exercise dominion and control over the trademark "LA LEYENDA" in connection with the Songs in commerce;

(d)     engage in further interference with SER-CA's business relationships, contracts, and prospective economic relationships herein alleged; and

(e)     cause a miscarriage of justice.

77.     In order to preserve the status quo, and the property rights of SER-CA during the pendency of this action, Counter-Defendants should be cited to appear and show cause why they should not be temporarily enjoined during the pendency of this action from wrongfully authorizing the exploitation of the Songs; wrongfully identifying itself as the owner of the Songs; accepting payment from third-parties

for exploitation of the Songs; contracting with third-parties for the further exploitation or administration of the Songs in violation of SER-CA's rights; wrongfully exercising control over the Mark in commerce; and causing a miscarriage of justice.

## IV.   JURY DEMAND

78.     Counter-Plaintiff asserts its right to a trial by jury, under Texas Constitution Article 1, Section 15, and tenders the required fee with this Petition.

## V.     CONDITIONS PRECEDENT

79.     All conditions precedent to Counter-Plaintiff's right to recover in this suit have been performed or have occurred.

## VI.   PRAYER AND RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Defendant SER-CA DISCOS, INC. requests that Plaintiffs TIERRA CALIENTE MUSIC GROUP, S.A. DE C.V. d/b/a Remex Music's and Midas Musical, Inc.'s claims against SER-CA be dismissed and that they take nothing by their claims; that on final trial judgment be entered in favor of SER-CA and against Counter-Defendants and Third-Party Defendant JOHN DOES 1-10, as follows:

(a)     Judgment against Counter-Defendants and Third-Party Defendant for the relief hereinabove requested;

(b)     A declaration that Counter-Plaintiff is the exclusive owner of the Songs;

(c)     A temporary injunction and permanent injunction prohibiting Counter-Defendants and Third-Party Defendant from exercising dominion and control over the Songs;

(d)     A declaration that the contracts entered into by Counter-Defendants and Third-party Defendant on the basis that Counter-Defendants are the exclusive owner of the Songs are null and void;

(e)   Reasonable attorney's fees;

(f)   Pre-judgment and post-judgment interest at the highest legal rate;

(g)   Costs of suit; and

(h)   Such other and further relief to which Counter-Plaintiff may be justly entitled.


Respectfully submitted,

By: /s/ Yocel Alonso

Yocel Alonso
ALONSO, PLLC
State Bar No. 01109100
S.D. Tex. Id. No. 3325
130 Industrial Blvd., Suite 110
P.O. Box 45
Sugar Land, Texas 77487-0045
Tel.: (281) 240-1492
Email:  Yocel@AlonsoLaw.com
**ATTORNEY FOR DEFENDANT/COUNTER-PLAINTIFF SER-CA DISCOS, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this response was served in accordance with the Federal Rules of

Civil Procedure and by electronic transmission to all registered ECF users appearing in the case on October

10, 2019, as follows:

Raymond L. Thomas
RAY THOMAS, PC
4900-B North 10th Street
McAllen, Texas 78504
Tel: (956) 632-5033
Fax: (956) 630-5199
Email: rthomas@raythomaspc.com
**ATTORNEY FOR PLAINTIFF/COUNTER-
DEFENDANTS TIERRA CALIENTE MUSIC
GROUP, S.A. DE C.V. D/B/A REMEX MUSIC
and MIDAS MUSICAL, INC.**

/s/Yocel Alonso
Yocel Alonso
