# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| TIERRA CALIENTE MUSIC GROUP, S.A. DE C.V. D/B/A REMEX MUSIC and MIDAS MUSICAL, INC., § § § § VS. § § SER-CA DISCOS, INC. § | CIVIL ACTION NO. 7:18-CV-252 |

## TIERRA CALIENTE MUSIC GROUP, S.A. DE C.V. D/B/A REMEX MUSIC AND MIDAS MUSICAL, INC.'S ANSWER TO SER-CA DISCOS, INC.'S SECOND AMENDED COUNTERCLAIM

Counter-Defendants Tierra Caliente Music Group, S.A. de C.V. d/b/a Remex Music and Midas Musical, Inc., respond to Counter-Plaintiff SERCA Discos, Inc's Second Amended Counterclaim ("Counterclaim") with the following admissions and denials:

1. With respect to Paragraph 16 of the Counterclaim, Counter-Defendants deny the allegations and deny the Counterclaim is compulsory.

2. With respect to Paragraphs 17 and 18, Counter-Defendants do not challenge the Court's jurisdiction or venue. However, Counter-Defendants deny that they reside in this District and deny that a substantial part of the events or omissions giving rise to the Counterclaim occurred in this District.

3. With respect to Paragraph 19 of the Counterclaim, Counter-Defendants deny all allegations and deny that SERCA is entitled to the relief sought.

4. With respect to Paragraph 20 of the Counterclaim, Counter-Defendants admit that SERCA is a Texas company. The remaining allegations are denied.

5. With respect to Paragraph 21 of the Counterclaim, Counter-Defendants deny the Recording Agreement was made on or about February 15, 2012. Counter-Defendants are without sufficient knowledge to admit or deny the remaining allegations.

6. With respect to Paragraph 22 of the Counterclaim, Counter-Defendants deny the allegations.

7. With respect to Paragraph 23 of the Counterclaim, Counter-Defendants deny the allegations.

8. With respect to Paragraph 24 of the Counterclaim, Counter-Defendants deny the allegations.

9. With respect to Paragraph 25 of the Counterclaim, Counter-Defendants are without sufficient knowledge to admit or deny the allegations concerning SERCA's agreements with SOH and other digital distributors. Counter-Defendants deny the remaining allegations, including the allegation that SERCA retains any exclusive rights with respect to La Leyenda and its music.

10. With respect to Paragraph 26 of the Counterclaim, Counter-Defendants admit that Chavez Brothers entered into an agreement with La Leyenda in August 2015, and that Chavez Brothers assigned certain rights to their companies, including Tierra Caliente and Midas. Counter-Defendants deny the remaining allegations.

11. With respect to Paragraph 27 of the Counterclaim, Counter-Defendants are without sufficient knowledge to admit or deny the allegations concerning SERCA's agreements with SOH and SOH Latino. Counter-Defendants deny the remaining allegations.

12. With respect to Paragraph 28 of the Counterclaim, Counter-Defendants deny the allegations.

13. With respect to Paragraph 29 of the Counterclaim, Counter-Defendants deny the allegations.

14. With respect to Paragraph 30 of the Counterclaim, Counter-Defendants are without sufficient knowledge to admit or deny the substance of any communications between SERCA and Telemundo. Counter-Defendants deny the remaining allegations.

15. With respect to Paragraph 31 of the Counterclaim, Counter-Defendants deny the allegations.

16. With respect to Paragraph 32 of the Counterclaim, Counter-Defendants deny the allegations and deny that SERCA is entitled to the relief sought.

17. With respect to Paragraph 33 of the Counterclaim, Counter-Defendants reallege and incorporate by reference their responses to Paragraphs 16 through 32 of the Counterclaim as if fully set forth herein.

18. With respect to Paragraphs 34 through 40, Counter-Defendants deny the allegations and deny that SERCA is entitled to the relief sought.

19. With respect to Paragraph 41 of the Counterclaim, Counter-Defendants reallege and incorporate by reference their responses to Paragraphs 16 through 40 of the Counterclaim as if fully set forth herein.

20. With respect to Paragraphs 42 through 45, Counter-Defendants deny the allegations and deny that SERCA is entitled to the relief sought.

21. With respect to Paragraph 46 of the Counterclaim, Counter-Defendants reallege and incorporate by reference their responses to Paragraphs 16 through 45 of the Counterclaim as if fully set forth herein.

22. With respect to Paragraphs 47 through 49, Counter-Defendants deny the allegations and deny that SERCA is entitled to the relief sought. With respect to Paragraph 50 of the Counterclaim, Counter-Defendants reallege and incorporate by reference their responses to Paragraphs 16 through 49 of the Counterclaim as if fully set forth herein.

23. With respect to Paragraph 51, Counter-Defendants deny the allegations. With respect to Paragraph 52 of the Counterclaim, Counter-Defendants reallege and incorporate by reference their responses to Paragraphs 16 through 51 of the Counterclaim as if fully set forth herein.

24. With respect to Paragraphs 53 through 57, Counter-Defendants deny the allegations and deny that SERCA is entitled to the relief sought. With respect to Paragraph 58 of the Counterclaim, Counter-Defendants reallege and incorporate by reference their responses to Paragraphs 16 through 57 of the Counterclaim as if fully set forth herein.

25. With respect to Paragraphs 59 through 62, Counter-Defendants deny the allegations and deny that SERCA is entitled to the relief sought. With respect to

Paragraph 63 of the Counterclaim, Counter-Defendants reallege and incorporate by reference their responses to Paragraphs 16 through 62 of the Counterclaim as if fully set forth herein.

26. With respect to Paragraph 64, Counter-Defendants deny the allegations. With respect to Paragraph 65 of the Counterclaim, Counter-Defendants reallege and incorporate by reference their responses to Paragraphs 16 through 64 of the Counterclaim as if fully set forth herein.

27. With respect to Paragraphs 66 through 67, Counter-Defendants deny the allegations. With respect to Paragraph 68 of the Counterclaim, Counter-Defendants reallege and incorporate by reference their responses to Paragraphs 16 through 67 of the Counterclaim as if fully set forth herein.

28. With respect to Paragraph 69, Counter-Defendants deny the allegations. With respect to Paragraph 70 of the Counterclaim, Counter-Defendants reallege and incorporate by reference their responses to Paragraphs 16 through 69 of the Counterclaim as if fully set forth herein.

29. With respect to Paragraphs 71 through 73, Counter-Defendants deny the allegations and deny that SERCA is entitled to the relief sought. With respect to Paragraph 74 of the Counterclaim, Counter-Defendants reallege and incorporate by reference their responses to Paragraphs 16 through 73 of the Counterclaim as if fully set forth herein.

30. With respect to Paragraphs 75 through 77, Counter-Defendants deny the allegations and deny that SERCA is entitled to the relief sought. With respect to Paragraph 78, the Counterclaim makes a jury demand and no response is required.

31. With respect to Paragraph 79, Counter-Defendants deny the allegations.

32. With respect to Prayer and Relief Requested, Counter-Defendants deny that SERCA is entitled to any of the relief requested and further deny all allegations implying any wrongdoing by Counter-Defendants.

## AFFIRMATIVE DEFENSES

33. Counter-Defendants assert that SERCA lacks standing and/or capacity to bring its claims or seek the monetary and equitable relief sought.

34. Counter-Defendants assert that the claims against them are barred by limitations.

35. Counter-Defendants assert the defense of laches.

36. With respect to SERCA's suit for declaratory judgment, Counter-Defendants assert (1) that there is no justiciable controversy between the parties in connection with some or all of the declaratory relief sought; and (2) that SERCA has failed to join all necessary parties who will be affected by the declaratory relief sought.

37. Counter-Defendants assert that any contract on which SERCA's claims are predicated is fraudulent, illegal, unenforceable or in violation of public policy.

38. With respect to SERCA's suit for negligent interference with a contract, Counter-Defendants assert that no such cause of action exists under Texas law. *See Strickland v. Joeris*, No. 04-11-00626-CV, 2012 WL 6013423, at *7 (Tex. App.—San Antonio Nov. 30, 2012, no pet.) (mem. op.).

39. Counter-Defendants assert that they are not liable to SERCA under the doctrine of unclean hands.

40. With respect to SERCA's suit for misappropriation, Counter-Defendants assert that they are not liable to SERCA because Counter-Defendants developed the products on which the misappropriation claim is based independently of SERCA.

41. With respect to SERCA's suit for unjust enrichment, Counter-Defendants assert that no such cause of action exists under Texas law. *See Martinez v. Ethicon, Inc.*, No. 7:19-CV-00164, 2020 WL 2113638, at *4 (S.D. Tex. May 4, 2020) (Alvarez, J.).

42. Counter-Defendants assert that if they are found liable for exemplary damages, those damages must be capped under the Texas Damages Act, the Due Process Clause of the United States Constitution, and the Due Course of Law provisions of the Texas Constitution.

**Prayer**

For the reasons set forth above, Counter-Defendants ask the Court to enter judgment that SERCA take nothing on its Counterclaim, and that Counter-Defendants recover their attorney's fees and costs in defending the Counterclaim. Counter-Defendants also ask for all other relief to which they may be entitled.

Respectfully submitted,

/s/ *Raymond L. Thomas*

Raymond L. Thomas*
S.D. Tex. No. 10715
rthomas@raythomaspc.com
Olegario Garcia
S.D. Tex. No. 2202345
ogarcia@raythomaspc.com
**RAY THOMAS, PC**
4900-B North 10th Street
McAllen, Texas 78504
p. 956.632.5033
f. 956.630.5199
*Counsel for Plaintiffs*

**\*Attorney-in-Charge for Plaintiffs/Counter-Defendants**

## **CERTIFICATE OF SERVICE**

On December 28, 2020, a true and correct copy of the foregoing instrument was served on the following persons in accordance with the Federal Rules of Civil Procedure:

**Via E-File**
Yocel Alonso
*Counsel for Defendant*

/s/ ***Raymond L. Thomas***
Raymond L. Thomas