UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| TIERRA CALIENTE MUSIC GROUP, S.A. DE C.V. D/B/A REMEX MUSIC and MIDAS MUSICAL, INC., | § § § § § | |
| | § | CIVIL ACTION NO. 7:18-CV-252 |
| V. | § § § | |
| SER-CA DISCOS, INC. | | |

**JOINT MOTION TO AMEND SCHEDULING ORDER**

**TO THE HONORABLE RANDY CRANE, UNITED STATES DISTRICT JUDGE:**

All parties file this Joint Motion to Amend Scheduling Order, and in support would show:

### INTRODUCTION

1. On September 22, 2020, the Court entered an Amended Rule 16 Scheduling Order for this case setting trial for May 4, 2021 [Doc 52]. The Amended Scheduling Order was based on the impact of the legal proceedings in Mexico and designation of experts, and conduct discovery based thereon. Although complicated, the parties have continued to cooperatively work out discovery issues without the need for court intervention and, since then, additional written discovery has been exchanged. Further complicating the case is the fact that Servando Cano, Sr., who is the Defendant's principal, as well as Discos y Cintas Serca, S.A. de C.V. passed away on February 8, 2021.

2. However, depositions that needed to be taken were delayed due to COVID-19. Notwithstanding the pandemic, the depositions of Servando Cano, Jr. and Hector Cano were completed on September 16, 2020, and the parties continued to exchange documents. On March 18, 2021, the Plaintiffs served on Defendant their Plaintiffs' First Supplemental Designation of Experts listing 4 additional experts and a new expert report from a newly designated C.P.A. On March 23, 2021, the Plaintiffs served Defendant with some 695,373 additional documents in support of the C.P.A.'s report.

3. The Defendant has been digesting this information and Plaintiffs' counsel has agreed to extend the deadline for the Defendant's expert designation until April 23rd. Of course, the experts on both sides will need to be deposed, in addition to other witnesses. The parties are working on scheduling deposition dates, made especially difficult not only because of Covid but also by the fact that the witnesses are in Mexico and the U.S.

4. This case has been particularly difficult to get ready for trial because of its inherent complexities and complicated logistical international travel issues, there are many complexities due to the fact that the parties have affiliated companies and those affiliated companies have engaged in related litigation in Mexican courts and in another federal district court. The Mexican litigation, which includes appeals and

amparo proceedings, likely have at least some impact on the claims and defenses of the parties in this proceeding.

5. Now that the depositions of Servando Cano, Jr. and Hector Cano have been completed, and experts designated, the parties ask this Court for leave to amend their respective pleadings. The parties have gained a much better understanding of the facts which remain in dispute and will proceed forthwith to complete their discovery. Additionally, the ongoing proceedings in Mexico since this lawsuit was filed in 2018, and the final resolution of those proceedings, as well as the additional designation of experts, have impacted the parties' claims and defenses. Thus, the parties jointly request leave to amend their pleadings.

6. In addition, Servando Cano, Jr., who is the Vice-President of the Defendant and its corporate representative at trial, is scheduled for major gastrointestinal surgery on April 23, 2021.

7. Based on all of the above, the parties move for a continuance of the May 4, 2021 trial setting and for entry of a new scheduling order which provides for new deadlines for: (a) amendment of pleadings; (b) designation of additional expert witnesses; and (c) completion of discovery. During this time, the parties will make good use of the time by refining their claims and defenses and by developing expert testimony which can aid the Court and the jury on complex issues of Mexican law and damages, made even more complex by the existence of various agreements

between affiliated companies and related litigation among some of those companies in the Mexican legal system.

## CONCLUSION

For the reasons stated above, all parties jointly request that the Court reset the trial of this case until August 2021 or such other time at the Court's convenience and enter a new scheduling order with the new deadlines requested.

Respectfully submitted,
 /s/ *Yocel Alonso*

Yocel Alonso
Texas Bar No. 01109100
Federal Bar No. 3325
130 Industrial Blvd., Suite 110
PO Box 45
Sugar Land, Texas 77487-0045
281-240-1492
Yocel@AlonsoLaw.com
**Attorney in Charge for Defendant/Counter-Plaintiff**

&

 /s/ *Raymond L. Thomas*

Raymond L. Thomas**
S.D. Tex. No. 10715
rthomas@raythomaspc.com
Olegario Garcia
S.D. Tex. No. 2202345
ogarcia@raythomaspc.com
**RAY THOMAS, PC**
4900-B North 10th Street
McAllen, Texas 78504
p. 956.632.5033
**\*\*Attorney in Charge for Plaintiffs**

## **CERTIFICATE OF SERVICE**

On April 20, 2021, a true and correct copy of the foregoing instrument was served on the following persons in accordance with the Federal Rules of Civil Procedure:

**Via E-File**
Raymond L. Thomas
*Counsel for Plaintiffs*

/s/ Yocel Alonso
Yocel Alonso