Case 7:18-cv-00252　　Document 150　　Filed on 09/29/23 in TXSD　　Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
September 29, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SERC-CA DISCOS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:18-CV-00252 |
| | § | |
| TIERRA CALIENTE MUSIC GROUP, S.A. | § | |
| DE C.V., *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON DAMAGES AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY COUNTS

**I.     Introduction**

Having ruled on the parties' motions to dismiss and for summary judgment on August 14, 2019 and January 26, 2022,[1] having partially reconsidered the latter ruling by order dated May 22, 2022,[2] and having granted multiple extensions of the trial date in this matter, the Court now has before it the following Motions: Defendants Tierra Caliente Music Group, S.A. de C.V., d/b/a Remex Music ("Remex") and Midas Musical, Inc.'s ("Midas") Motion for Summary Judgment on Damages (Dkt. No. 133); and Plaintiff Ser-Ca Discos, Inc.'s ("Serca") Motion for Partial Summary Judgment on Liability Counts (Dkt. No. 135).[3] The Court's orders granted summary judgment against Defendants on their suit under the Digital Millennium Copyright Act (DMCA) and disposed of various issues and counterclaims, leaving the following counts for determination by a jury: Plaintiff's federal and common-law counterclaims for unfair competition by trademark infringement, a counterclaim for violations of the DMCA, and requests for damages (other than

---

[1] (Dkt. Nos. 38, 89).
[2] (Dkt. No. 119).
[3] As only Serca's counterclaims remain, the parties are realigned for purposes of this order and for trial.

Plaintiff's own lost profits),[4] an accounting of Defendants' profits, declaratory and injunctive relief, and attorney's fees. In the interest of judicial economy, the Court will consider the parties' late requests for summary judgment insofar as their purpose is to streamline final adjudication of the case, which in any event must proceed on issues not addressed through the Motions.[5] To further this interest, the Court will also streamline its analysis by herein incorporating its prior orders in their entirety and declining to reconsider issues already determined. Instead, the Court will determine the parties' Motions by looking to the elements of those causes of action and categories of actual damages that remain available, and to whether record evidence exists to justify summary judgment. Upon consideration of the Motions, responsive briefing,[6] and summary judgment evidence,[7] in light of the relevant law, the Court finds that Defendants' Motion must be granted and Plaintiff's Motion granted in part as to a portion of its count seeking a declaratory judgment, and otherwise denied.

## II.    Standard of Review

A district court must grant summary judgment when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A fact is material if it might affect the outcome of the lawsuit under the governing law, and is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party moving for summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings and materials in the record, if any, which it believes demonstrate the

---

[4] The Court granted summary judgment to Defendants on Plaintiff's request to recover its own lost profits. (Dkt. No. 89 at p. 42).
[5] Defendants do not seek summary judgment on the liability counts against them, and neither side moves for summary judgment on Plaintiff's requests for an accounting of Defendants' profits or attorney's fees.
[6] (Dkt. Nos. 136, 141, 142, 147).
[7] (Dkt. Nos. 133, Exhs. 1, 2, 4-6; Dkt. No. 134, Exh. 7; Dkt. No. 135, Exhs. A-F; Dkt. No. 137, Exh. A; Dkt. No. 138-1, Exh. 3; Dkt. No. 142, Exhs. 1-3).

absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); FED. R. CIV. P. 56(a), (c). Once the moving party carries its burden, the burden shifts to the nonmovant to go beyond the pleadings and provide specific facts showing the existence of a genuine issue for trial. *Celotex*, 477 U.S. at 324; FED. R. CIV. P. 56(c). In conducting its review of the summary judgment record, the court "may not make credibility determinations or weigh the evidence" and must resolve doubts and reasonable inferences regarding the facts in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 255; *Dean v. City of Shreveport*, 438 F.3d 448, 454 (5th Cir. 2006). However, the nonmovant cannot satisfy its burden with "conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence." *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010); *see also Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003) ("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment.").

### III. Declaratory Judgment

Plaintiff's Motion on its "liability counts" first seeks summary judgment on its count requesting a declaratory judgment, representing the Court's prior orders as dispositive of this request in its entirety. (Dkt. No. 135 at ¶¶ 1-7). In its pleading, Plaintiff seeks the following declaration of rights under the Declaratory Judgment Act, 28 U.S.C. § 2201: "(1) [Plaintiff] owns and/or has the Exclusive Rights to the copyrights to the master sound recordings of the Songs in the United States"; (2) "[Defendants] have no copyright ownership or administration rights in the master sound recordings of the Songs"; (3) "any copyright registrations by [Defendants] to [Plaintiff's] Songs are invalid"; and (4) "any contract entered into by Counter-Defendants predicated on these fabricated rights to the Songs are null and void." (Dkt. No. 58 at ¶ 40). The

"Songs" to which Plaintiff refers are 12 songs with music videos ("the subject media") recorded by the musical group La Leyenda for the Chavez Brothers, who utilized Defendants Remex and Midas to distribute and monetize the subject media by uploading the songs and videos onto digital platforms such as YouTube, Spotify, and iTunes. *E.g.*, (Dkt. No. 89 at p. 9). In the context of its latest summary judgment order and partial reconsideration of that order, the Court partially addressed the first subset of the requested declaratory relief by determining that Plaintiff, as Serca-Mexico's assignee, had and has exclusive rights to the U.S. distribution and digital transmission of the subject media. (Dkt. No. 89 at pp. 4, 36, 46; Dkt. No. 119 at pp. 7-8). In opposing summary judgment, Defendants characterize even this subset of relief as "duplicative of and subsumed by" Plaintiff's remaining causes of action for unfair competition by trademark infringement and DMCA violations, rendering declaratory relief inappropriate. (Dkt. No. 142 at ¶ 2). But since these claims target past infringements and violations of Plaintiff's rights, a live controversy remains as to the continuing nature of these rights, regardless of whether the Court or a jury finds liability. With the goal of advancing final adjudication of the matter before it within the confines of its jurisdiction, the Court will enter summary judgment to the extent that Plaintiff's declaratory judgment count overlaps with the Court's exclusivity finding. Contrary to Plaintiff's insistence, the Court's finding disposes of no more; that Plaintiff had and retains exclusive rights to U.S. distribution and digital transmission of the subject media does not allow the Court to declare broader rights of copyright and contract not assigned to Plaintiff by Serca-Mexico, who is not a party to this case. *See* (Dkt. No. 135 at ¶¶ 1-7; Dkt. No. 147 at ¶¶ 2-5). In these respects, summary judgment must be denied.

### IV. Unfair Competition and Trademark Infringement

#### A. Liability

Of the liability counts remaining, three assert related causes of action for unfair competition in violation of the federal Lanham Act, 15 U.S.C. § 1125(a)(1)(A), common-law unfair competition, and common-law trademark infringement, respectively, on which Plaintiff also moves for summary judgment. (Dkt. No. 135 at ¶¶ 8-19). As the Court observed in its prior orders, these claims essentially merge; in the common-law counts as well as in the single federal count, Plaintiff pleads that Defendants unfairly competed with it and infringed upon its trademark rights when they used the La Leyenda mark in connection with the subject media. *See* (Dkt. No. 58 at ¶¶ 49-58; Dkt. No. 89 at pp. 42-43; Dkt. No. 119 at p. 2 n.3). Plaintiff has, by virtue of the Court's rulings, established that it held and now holds exclusive rights to the U.S. distribution and digital transmission of the subject media bearing the La Leyenda mark. *See* (Dkt. No. 89 at p. 36; Dkt. No. 119 at pp. 6-8, 10). But as Plaintiff concedes, to establish liability it must also show that its use of the mark created a likelihood of customer confusion. *See* (Dkt. No. 135 at ¶¶ 10, 18); 25 U.S.C. § 1125(a)(1)(A); *Marathon Mfg. Co. v. Enerlite Prod. Corp.*, 767 F.2d 214, 217 (5th Cir. 1985) ("The gravamen for any action of trademark infringement or common law unfair competition is whether the challenged mark is likely to cause confusion."). Defendants' response first submits that Plaintiff cannot make this showing because the subject media was "what [it] purported to be (namely, song recordings of La Leyenda)," but as Plaintiff points out, the focus of an unfair competition claim is confusion over "origin," which means "the producer of the goods, not the creator of the intellectual property embodied in the goods." (Dkt. No. 142 at ¶¶ 8-11; Dkt. No. 147 at ¶ 10); *see* 15 U.S.C. § 1125(a)(1)(A); *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003). According to Plaintiff, precedent affords it a legal presumption of the relevant confusion when, as in the case at hand, the infringer uses an identical mark. (Dkt. No.

135 at ¶ 19) (citing *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 311 (5th Cir. 2008)). *Sigmar*, though, does not mandate a presumption; it stands for the proposition that the "digits of confusion" considered by courts are "a flexible and nonexhaustive list" that "do not apply mechanically to every case and can serve only as guides, not as an exact calculus." *Sigmar*, 529 F.3d at 311 (quoting *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 485 (5th Cir. 2004)).[8] Thus, the lower court did not err in declining to analyze each digit in a case where the defendants used the plaintiff's "exact marks." *Id.* Consistent with the flexibility of the analysis, Defendants respond that any such presumption is subject to rebuttal, and offer some evidence dispelling other digits of confusion[9]: La Leyenda's (through its lead member Robles) and Defendants' (through the Chavez Brothers) belief that La Leyenda had no active contract with Plaintiff's assignor, Serca-Mexico, at the time La Leyenda and Defendants contracted for, produced, and first distributed the subject media;[10] and the public nature of La Leyenda's signing with Defendants. (Dkt. No. 142 at ¶¶ 13, 16, Exhs. 2, 3; *see also*, *e.g.*, Dkt. No. 89 at pp. 6-7). Plaintiff's reply suggests that "meager argument" on two other digits cannot rebut a presumption of confusion, but Defendants have provided evidence—not merely argument—of no intent to confuse and actions in furtherance of dispelling any actual confusion, which in the Court's view suffices to place the likelihood of confusion over the origin of the subject media in genuine dispute,

---

[8] The digits of confusion include: (1) the type/strength of the mark allegedly infringed; (2) the similarity between the two marks; (3) the similarity of the products or services; (4) the identity of the retail outlets and purchasers; (5) the identity of the advertising media used; (6) the defendant's intent; (7) any evidence of actual confusion; and (8) the degree of care exercised by potential purchasers. *Sigmar*, 529 F.3d at 310; *see also Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 813 (5th Cir. 1989).

[9] (Dkt. No. 142 at ¶ 12); *see Jones v. Am. Council on Exercise*, 245 F. Supp. 3d 853, 864 (S.D. Tex. 2017) (considering digits of confusion to determine whether defendant had rebutted presumption).

[10] That Defendants have continued to distribute the subject media does not, as Plaintiff insists, establish intent to unfairly compete with Plaintiff; with the Court's agreement and without any formal demand to the contrary, Defendants' counsel elected to make the subject media available during the pendency of the litigation "with the understanding that profits made therefrom would be given to the prevailing party." *See* (Dkt. No. 135 at ¶¶ 12, 13; Dkt. No. 142 at ¶ 18 n.5).

notwithstanding the identity of the marks. (Dkt. No. 147 at ¶ 8). On Plaintiff's counts claiming unfair competition by trademark infringement, summary judgment must be denied.

**B.     Damages**

Defendants also request summary judgment on Plaintiff's claims for unfair competition by trademark infringement, but only to the extent Plaintiff seeks actual damages. (Dkt. No. 133). The Court has already determined that Plaintiff lacks competent summary judgment evidence of its own lost profits, which leaves the following categories of actual damages potentially available to redress a finding of liability: injury to reputation, injury to good will, the expense of preventing customers from being deceived, and the cost of future advertising reasonably required to correct any public confusion caused by the unfair competition. (Dkt. No. 89 at pp. 39-42); *see* 15 U.S.C. § 1117(a); Ninth Circuit Manual of Model Civil Jury Instructions, § 15.27 (2022).[11] Defendants first seek summary judgment by echoing their prior challenge to Plaintiff's standing to recover damages, arguing that Plaintiff as assignee or "business conduit" of Serca-Mexico has no reputation or good will of its own to lose, nor does the public have any awareness of its existence to justify the need for future advertising or other measures to correct customer confusion. (Dkt. No. 133 at ¶¶ 11-13). But the Court has already held that Plaintiff may stand in the shoes of Serca-Mexico to seek damages, and will not revisit this holding. (Dkt. No. 89 at pp. 37-38). To the extent Defendants also challenge the absence of evidence to support an award of actual damages, the Court agrees that the Motion has merit. (Dkt. No. 133 at ¶¶ 14-20). As reflected in Defendants' recitation of the deposition testimony of Plaintiff's officers and employees, not one could identify damages incurred by Plaintiff as a result of the alleged unfair competition. (Dkt. No. 133 at ¶¶ 1-9, Exhs. 1, 2, 4-6; Dkt. No. 138-1, Exh. 3). Plaintiff's Vice-President, Cano, Jr., the individual identified as having the most knowledge of Plaintiff's finances, admitted to knowing very little of

---

[11] As it has done previously, the Court resorts to authority outside this Circuit in the absence of Fifth Circuit guidance to the contrary. (Dkt. No. 138 at p. 6 n.4).

the same. (Dkt. No. 133 at ¶¶ 8, 9, Exh. 2). And notably, he testified only that Plaintiff's image had been harmed by the public nature of La Leyenda's "break" with Plaintiff to contract with Defendants, "because some other groups can say, hey, we can break our contracts with [Plaintiff] at any point we want." (Dkt. No. 133 at ¶ 9, Exh. 2 at p. 86). In no way does this injury stem from customer confusion over the origin of the subject media, and Plaintiff's response provides no argument or evidence to the contrary. *See* (Dkt. No. 136). Summary judgment must be granted on Plaintiff's request for actual damages, leaving only statutory damages and Plaintiff's claim for an accounting as potential means of recovery for unfair competition.

## V.     DMCA

### A.     Liability

The remaining liability count on which Plaintiff seeks summary judgment, for violations of the DMCA, challenges alleged misrepresentations contained in Defendants' "put-back" notices to digital service providers. (Dkt. No. 58 at ¶¶ 59, 60). To recap, "[i]f an entity abuses the DMCA, it may be subject to liability under [17 U.S.C.] § 512(f)," which provides in full:

> (f) Misrepresentations.—Any person who knowingly materially misrepresents under this section—
>
>> (1) that material or activity is infringing, or
>>
>> (2) that material or activity was removed or disabled by mistake or misidentification,
>
> shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer, by any copyright owner or copyright owner's authorized licensee, or by a service provider, who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing, or in replacing the removed material or ceasing to disable access to it.

(Dkt. No. 38 at p. 7) (quoting *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1151 (9th Cir. 2016); 17 U.S.C. § 512(f)). This suit originated with Defendants claiming actionable DMCA misrepresentations contained in Plaintiff's "takedown" notices to providers to remove the subject

media from digital platforms due to its infringing nature (i.e., misrepresentations under subsection § 512(f)(1)), to which Plaintiff responded with its counterclaim that Defendants' counter-notices to providers of the absence of any such infringement, and to restore access to the subject media, contained misrepresentations giving rise to liability (i.e., misrepresentations under subsection § 512(f)(2)). The Court entered summary judgment on Defendants' DMCA claim after finding that Plaintiff, who had standing to sue as Serca-Mexico's assignee, had the exclusive rights to distribute and digitally transmit the subject media in the United States, such that its takedown notices "contained no knowing or material misrepresentations actionable under § 512(f) of the DMCA." (Dkt. No. 89 at pp. 13-18, 46). Plaintiff now asks the Court to extend its ruling still further, by entering summary judgment on Plaintiff's own DMCA claim, but the infringing nature of the subject media does not warrant this relief absent uncontested evidence that the put-back notices "knowingly" misrepresented Defendants' rights. (Dkt. No. 135 at ¶¶ 20-24). As observed *supra*, and as the Court has previously discussed, Defendants present some evidence of the Chavez Brothers' belief, at the time of the put-back notices, that Defendants held rights sufficient to upload the subject media. *E.g.*, (Dkt. No. 142 at ¶ 16).[12] Whether to accept that belief as credible is for a jury to decide, not a matter of law for the Court, and summary judgment must be denied.

**B.    Damages**

Relying on the same evidence supporting their Motion on the unfair competition by trademark infringement claims, Defendants ask for summary judgment on the actual damages portion of Plaintiff's DMCA claim, and the Court finds the request similarly meritorious. (Dkt. No. 133 at ¶ 21). Plaintiff lacks competent evidence of its own damages, separate and apart from

---

[12] Again, evidence exists that the Chavez Brothers relied on Robles's representations, which had basis in La Leyenda's and Serca-Mexico's then-unresolved dispute over whether the Serca-Mexico contract term had expired when Robles entered into the contract with the Chavez Brothers.

Defendants' profits from their digital upload of the subject media,[13] that resulted from the put-back notices, and summary judgment must be granted in this respect.

## VI. Conclusion

For the foregoing reasons, the Court hereby **ORDERS**:

Defendants' Motion for Summary Judgment on Damages (Dkt. No. 133) is **GRANTED** and Plaintiff may not seek damages apart from Defendants' profits; and

Plaintiff's Motion for Partial Summary Judgment on Liability Counts (Dkt. No. 135) is **GRANTED** insofar as Plaintiff seeks a declaratory judgment that Plaintiff, as Serca-Mexico's assignee, had and has exclusive rights to the U.S. distribution and digital transmission of the subject media, and otherwise **DENIED**.

SO ORDERED September 29, 2023, at McAllen, Texas.

_Randy Crane_
Randy Crane
Chief United States District Judge

---

[13] *See* 17 U.S.C. § 504.