UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| SER-CA DISCOS, INC. § <br> § <br> VS. § <br> § CIVIL ACTION NO. 7:18-CV-252 <br> TIERRA CALIENTE MUSIC GROUP, § <br> S.A. DE C.V. D/B/A REMEX MUSIC § <br> and MIDAS MUSICAL, INC., § | |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendants ask the Court to render judgment in their favor as authorized by Federal Rule of Civil Procedure 50(a).

**ARGUMENT**

1. A court may render judgment as a matter of law when there is no evidence that is legally sufficient for a reasonable jury to find for a party on an issue on which the party has been fully heard. FED. R. CIV. P. 50(a)(1). Because all parties have presented their evidence, Plaintiff has had ample opportunity to be fully heard on all issues on which it has the burden of proof. A judgment as a matter of law is requested based on the following grounds.

**I. Unfair Competition by Trademark Infringement**

2. With respect to the claims for common law trademark infringement, common law unfair competition, and violation of the Lanham Act, the Court should grant judgment in favor of Midas Musical on those claims because (1) there is a complete absence of pleading or proof on an issue material to the claim and (2) there are no controverted issues of fact on which reasonable persons could differ. *See Sulmeyer v. Coca Cola Co.*, 515 F.2d 835, 841 (5th Cir. 1975).

3. With respect to the claims for common law trademark infringement, common law unfair competition, and violation of the Lanham Act, the Court should grant judgment in favor of Remex Music on those claims because (1) there is a complete absence of pleading or proof on an issue material to the claim and

1

(2) there are no controverted issues of fact on which reasonable persons could differ. *See id.*

## II. Profits

4. With respect to Plaintiff's request for profit disgorgement against Remex Music, the Court should find that Plaintiff is not entitled to that relief because there is no legally sufficient evidence from which a jury can ascertain or calculate Remex Music's gross profits with any reasonable certainty. *See, e.g., Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1408 (9th Cir. 1993) ("The plaintiff has . . . the burden of establishing the defendant's gross profits from the infringing activity with reasonable certainty."); *Rex Real Estate I, LP v. Rex Real Estate Exchange, Inc.*, No. 1:19-CV-00696, 2020 WL 710198, at *5 (W.D. Tex. Feb. 12, 2020) ("Under 15 U.S.C. § 1117(a), the plaintiff has the burden of showing the amount of the defendant's sales of the infringing product. The defendant has the burden of showing all elements of cost and other deductions. This means that Real Estate's only burden of proof is to prove Exchange's total profits from the allegedly infringing sales with reasonable certainty.").

5. With respect to Plaintiff's request for profit disgorgement against Midas Musical, the Court should find that Plaintiff is not entitled to that relief as a matter of law because there is a complete absence of pleading or proof that Midas Musical obtained any gross profit from the alleged infringing activity.

6. With respect to Plaintiff's request for profit disgorgement against Midas Musical, the Court should find that Plaintiff is not entitled to that relief because there is no legally sufficient evidence from which a jury can ascertain or calculate Midas Musical's gross profits with any reasonable certainty. *See infra* ¶ 4.

## II. DMCA

7. With respect to the claims for violation of the DMCA, the Court should grant judgment in favor of Remex Music on those claims because (1) there is a complete absence of pleading or proof on an issue material to the claim and

(2) there are no controverted issues of fact on which reasonable persons could differ. *See id*. This is the case, in part, for the reasons outlined below.

- The complained-of communications to Select-O-Hits do not constitute a counter-notification that is actionable under § 512(f) because no evidence was presented that would enable a person to reasonably conclude that Select-O-Hits is a "service provider" as that term is defined in § 512(k).[1] SERCA'S EX. 27 (Leyeda000316-Leyeda000318; Leyenda000342-Leyenda000344). There is also no evidence that Select-O-Hits relied on an alleged misrepresentation in any such communication and that said reliance led Select-O-Hits to (1) replace the previously-removed subject songs or (2) cease the disabling of access to the subject songs. The jury can only impermissibly speculate that such an event occurred.

- There is no evidence that the undated and unsigned letter addressed to Debra Tucker from YouTube resulted in YouTube relying on a misrepresentation therein to restore, or to cease disabling access to, one of the subject songs. SERCA'S EX. 25 (Leyenda000319-Leyenda000321). The jury can only impermissibly speculate that such an event occurred.

- There is no evidence that Bruno Sanchez Valdez's email to YouTube resulted in YouTube relying on a misrepresentation therein to restore, or to cease disabling access to, one of the subject songs. SERCA'S EX. 25 (Serca000122-Serca000123, Serca041603). There is also no legally sufficient evidence to support a determination that Valdez's email

---

[1] The term "service provider"—as used within § 512(f)—means "a provider of online services or network access, or the operator of facilities therefor." 17 U.S.C. § 512(k)(1)(B); *see FurnitureDealer.net, Inc. v. Amazon.com, Inc.*, No. 18-CV-00232, 2019 WL 3738622, *5 (D. Minn. Aug. 8, 2019). "The DMCA's definition of 'service provider' is intended to encompass a broad set of Internet entities." *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724 (S.D.N.Y. 2012), aff'd sub nom. *Wolk v. Photobucket.com, Inc.*, 569 Fed. Appx. 51 (2d Cir. 2014).

    contains a *knowing* misrepresentation, as is necessary to sustain a claim under § 512(f). The alleged misrepresentation therein is as follows: "I swear, under penalty of perjury that in good faith I believe that the elimination of the material or the prohibition of the access thereof was caused by a mistake or a wrong identification of the material in question." There insufficient evidence to reasonably conclude that Valdez knew the subject songs had not been removed from YouTube due to mistake or misidentification.

- Other than what is described above, there are no other purported counter-notification in evidence from which the jury could ascertain its content and assess whether or not a misrepresentation is made therein.

8. With respect to the claims for violation of the DMCA, the Court should grant judgment in favor of Midas Musical on those claims because (1) there is a complete absence of pleading or proof on an issue material to the claim and (2) there are no controverted issues of fact on which reasonable persons could differ. *See id*.

## IV. Attorney Fees

9. Should the jury find Remex Music or Midas Musical liable on Plaintiff's DMCA claim, the jury is only permitted to award Plaintiff the "costs and attorneys' fees" that were incurred "as the result of [a] service provider relying upon [the counter-notification's] misrepresentation in removing or disabling access to the material or activity claimed to be infringing, or replacing the removed material or ceasing to disable access to it." 17 U.S.C. § 512(f). Having entirely failed to segregate its fees or to offer any reasonable explanation to the jury as to why no fees could or should be segregated, Plaintiff has presented no evidence from which a jury can intelligently ascertain the reasonable and necessary fees that Plaintiff incurred as a direct result of any service provider's alleged reliance on a counter-notification. *See Automotive Glob. Techs., Ltd. v. Sonnax Industries, Inc.*, 283 Fed. Appx. 575, 577 (9th Cir. 2008) ("The district court acted within its discretion to

4

deny fees because AGT failed to segregate the fees attributable to its successful claims."). The Court should thus find as a matter of law that Plaintiff is not entitled to a recovery of fees as made available to them under the DMCA.

## PRAYER

For these reasons, Defendants ask the Court to render judgment as a matter of law in favor of Defendants.

        Respectfully submitted,

        /s/ *Raymond Thomas*
        Raymond L. Thomas*
        S.D. Tex. No. 10715
        rthomas@raythomaspc.com
        Olegario Garcia
        S.D. Tex. No. 2202345
        ogarcia@raythomaspc.com
        **RAY THOMAS, PC**
        4900-B North 10th Street
        McAllen, Texas 78504
        p. 956.632.5033
        f. 956.630.5199
        *Counsel for Plaintiffs/Counter-Defendants*

        **\*Attorney-in-Charge for Defendants**

## CERTIFICATE OF SERVICE

On January 26, 2024, a true and correct copy of the foregoing instrument was served on the following persons in accordance with the Federal Rules of Civil Procedure:

**Via E-File**
Yocel Alonso
*Counsel for Plaintiff*

/s/ ***Raymond L. Thomas***
Raymond L. Thomas